## Case No. 9,336.

MAY et al. v. SLACK.

[16 Int Rev. Rec. 134.]

Circuit Court, D. Massachusetts.   May 7, 1872.

TAXATION—LEGACY TAX—WHEN IT ACCRUES.

M. died February 23, 1870. testate. and bequeathed certain pecuniary legacies, which were paid by his executors in April. 1871; the act of July 14, 1870. repealed taxes on legacies on and after October 1. 1870. saving taxes already accrued.   Held, that a tax was properly assessed as "accrued" upon said legacies under the saving clause contained in section 17, Act July 14, 1870. c. 255 (16 Stat. 261).

[Cited in Mason v. Clapp. Case No. 9,233; Clapp v. Mason, 94 U. S. 593; U. S. v. New York Life Ins. & Trust Co.. Case No. 15,-873; U. S. v. Townsend, 8 Fed. 307. Distinguished in U. S. v. Rankin, Id. 875.]

Samuel May died February 23, 1870, testate, and by will, dated February 15, 1862, and by codicil, dated February 15, 1870, bequeathed certain pecuniary legacies. Said will and codicil was admitted to probate March 28, 1870, and the plaintiffs [John J. May and others] duly appointed executors. In September, 1870, the plaintiffs made a partial payment of some of the legacies upon which a legacy tax was paid, respecting which no question is raised.   In April, 1871, the plaintiffs paid all said legacies in full, and the United States assessor assessed upon the sums so paid in April, 1871, certain legacy taxes, which were paid under protest, and this action brought against collector to recover back said taxes.

S. E. Sewall, for plaintiff.
F. W. Hurd, for defendant.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

LOWELL, District Judge.   This is an action to recover back the legacy duties assessed upon certain bequests made by the late Mr. May, who died February 23, 1870, before, but less than one year before, the repeal of the duty. The act of July 14, 1870, repealed the tax on legacies and successions on and after the first day of October, then next, section 17 saving "all taxes properly assessed or liable to be assessed, or accruing under the provisions of former acts or drawbacks, the right to which has already accrued or which may hereafter accrue under said acts." The plaintiff's position is: That legacies are payable at the earliest in a year after the death of the testator. and that by statute of July 13, 1866, § 9 (14 Stat. 140), the legacy duties are payable when the legacy is payable; that the United States had no right or interest in the tax until it became payable. and thus the saving clause of the repealing act is intended

only to preserve those taxes, which either were assessed, or at any rate might have been assessed before the first day of October. The defendant, on the other hand, contends that the legacy taxes "accrue" in the sense of the law upon the death of the testator, though they are not payable until afterwards, so that the saving is intended to cover all these cases where there was an inchoate right, so to speak, to the tax, whenever it might be thereafter properly assessable. This single point of construction on which the case turns is one of no inconsiderable nicety, and none the less so that it requires the intent of congress to be ascertained from general expressions, which were in all probability adopted without any view to the particular point under consideration. Upon the whole, we are of opinion that by the internal revenue law the tax is to be taken to accrue upon a pecuniary legacy immediately on the death of the testator, though not payable until the legacy is payable. Though it is true, in general, that a legacy is not payable until a year, yet this is an equitable rule adopted only for convenience. "There is no doubt," said Lord Eldon, "that the property is vested at the death of the party; and if a case was produced in which it was quite clear that there were no debts, the court would give the funds to the party, notwithstanding there had not been a lapse of twelve months." Garthshore v. Chalie, 10 Ves. 13. Although the executor is not bound to pay within the time, yet he may do so, as indeed in this case the executors did pay a certain part of each legacy. The legacy is vested, and if the legatee should die within the year it would go to his personal representative, but the latter would take it subject to the tax, which is made a lien from the death of the testator. Section 125, 13 Stat. 286. If the executor should become bankrupt within the year I have no doubt that the amount of the legacy could be proved against his estate as debitum in praesenti, solvendum in futuro; and the language of the tax act, which makes the legacy liable to a duty payable only when the legacy is payable, may well be taken to express a similar liability,—that is, one that is vested, though not payable. In the case cited by the defendant (Meredith v. U. S., 13 Pet. [38 U. S.] 494), Mr. Justice Story says that duties accrue in the fiscal sense as soon as goods are imported, though they are not payable until after entry, valuation, and assessment; and he cites several cases to show that this is the established doctrine. If, then, a customs act were passed abolishing certain tariff duties on and after a certain day, and saving such as had accrued before the day, it is plain that "accrued" would not mean payable, but only vested.

There is another cause of inquiry which strengthens this argument. The statute applies to successions as well as legacies; and many successions vest not only in right, but in possession immediately on the death of the ancestor. Thus real estate descends at once to the heir; and there is no doubt that the succession duty may be assessed at once, because there is the express provision of section 137, 13 Stat. 289; and section 141 carefully provides that, if the succession shall be reduced by the payment of debts or otherwise, the tax, or a proportionate part thereof, shall be refunded; or, by section 143, 13 Stat. 290, the commissioner may arrange the duty by compromise in cases of doubt or difficulty. Then take the case of a specific bequest to the executor himself, or a specific devise of lands, or the case where the executor is himself the residuary legatee, and gives bond under our statute to pay debts and legacies, in all these cases it seems to me the duty not only accrues, but is or may be assessable within the year. Considering, therefore, that the statute was intended to be uniform, and that the construction contended for by the plaintiffs will make its application vary with the nature of the property and other circumstances, and for the other reasons above given, we think the better opinion is that these duties were rightly assessed, and that the judgment must be for the defendant.

---

MAY (UNITED STATES v.). See Cases Nos. 15,751 and 15,752.

MAY (WOOD v.). See Case No. 17,956.

MAYBERRY (FALES v.). See Case No. 4,-622.

MAYBEY, The R. L. See Cases Nos. 6,333-6,335.

MAYBEY, The R. L. See Cases Nos. 11,870 and 11,871.