UNITED STATES *v.* TOWNSEND and others, Executors.*

*(Circuit Court, E. D. Pennsylvania. July 8, 1881.)*

1. TAX ON LEGACIES — WHEN IT ACCRUED — REMAINDER AFTER LIFE ESTATE — ACTS OF CONGRESS.

A testator died in 1863, leaving by his will the income of his estate to his wife for life, and directed the *corpus* to be divided at her death among his children and grandchildren in certain shares. The widow died December 15, 1876. *Held*, that the legacy tax imposed upon the shares of the children and grandchildren by the act of July 1, 1862, accrued at the death of the testator, and was therefore not repealed by the acts of June 30, 1864, and July 14, 1870.

2. SAME — ACT OF JULY 13, 1866.

The provision of the act of July 13, 1866, defining the time when the legacy tax accruing under the act of 1864 is due, has no relation to the act of 1862, or to taxes which had accrued under it.

*Clapp* v. *Mason*, 94 U. S. 589, *distinguished*.

Motion for judgment upon the following special verdict in a suit brought by the United States to recover a legacy tax:

"The jury find—

"(1) That Robert V. Massey, late of the city of Philadelphia, died on the eighth day of June, 1863; that he left surviving his widow, Anna K. Massey, and issue, three children, and the issue of a son who died in his life-time. (2) That by his will, which after his death was duly admitted to probate at Philadelphia, and whereof the defendants are the surviving executors, duly qualified, he gave to his wife the income for her life of all his residuary estate, and at her death directed the same to be divided among his children and grandchild in certain shares therein set out. (3) That the personalty constituting the residue of the testator's estate was ascertained and adjudicated, by the settlement of the accounts of his executors in the orphans' court for the city and county of Philadelphia, to be the sum of $149,714.50. (4) That the widow, having received the income on this fund during her life, died on the fifteenth day of December, 1876.

"If, under the above facts, the court shall be of opinion that under the act of congress approved July 1, 1862, there accrued a tax of three-quarters of 1 per cent. to the United States on the above fund, which was or became payable at and after the death of the widow of said testator, then the jury find for the plaintiff in the sum of $1,122.85. But if, under the above facts, the court shall be of opinion that the personalty aforesaid is not chargeable with any such tax as aforesaid, then the jury find for the defendants."

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

*John K. Valentine*, U. S. Dist. Att'y, for plaintiff.

*Joseph B. Townsend*, for defendants.

BUTLER, D. J. Judgment must be entered for the plaintiff on the case stated. The defendants' argument is based mainly on the case of *Clapp* v. *Mason*, 94 U. S. 589. The question in that case, however, arose under the act of 1864, which has no relation to the question here involved. The defendants' testator died in 1863, and the claim of the government is, therefore, under the act of 1862. By the third, and one hundred and twelfth sections of this act, the executors of the will, and the property which came to their hands, were charged with the tax from the date of the testator's death. The language of the third section is, that "any person or persons having in charge or trust, as administrator, executor," etc., "any legacies or distributive shares arising from personal property, * * * passing from any person who may die, * * * shall be and are hereby made subject to a duty or tax to be paid to the United States;" and the language of the one hundredth and twelfth section is, that "the tax or duty aforesaid shall be a lien and charge upon the property of every person who may die as aforesaid, until the same shall be fully paid and discharged by the United States." Under these provisions it is clear that the tax provided for accrued on the death of the testator, or intestate. It was so held by the court in *May* v. *Slack*, 16 Int. Rev. Rec. 134. The defendants here, and the property received by them, were, therefore, charged with the tax in 1863. Nothing has occurred since to relieve them from the obligation to pay it. The repealing clause of the act of 1864 expressly saved all tax which had then accrued, and the remedies provided for its collection. The provision of the act of 1866, defining the time when tax accruing under the act of 1864 is due, has no relation to the act of 1862, or the tax which had accrued under it. This provision, when read in connection with the one hundredth and twenty-fifth section of the act of 1864,—to which it is an amendment,—refers in express terms to taxes *thereafter* accruing. The repealing clause of the act of 1870, again, saves all tax which had previously accrued.

In *Clapp* v. *Mason*, the testator having died in 1867, the claim of the government was referable only to the act of 1864, as modified in 1866. By this act, thus modified, no right to tax accrued until the legacy, devise, or distributive share vested *in possession or enjoyment*. No lien on the property was created, or liability imposed on the legal representatives until that time. The time not having arrived until after the repeal of the act, in 1870, (in *Clapp* v. *Mason*,) the court

held that no tax had accrued;—in other words, that the tax provided for by the act of 1864 did not accrue until the government was authorized to demand it; and the repeal having occurred before the right of the government was complete, no recovery could be had. Under the original act of 1862, as we have seen, the legal representatives are charged with the tax, and the property is subjected to a lien, from the time of the testator's death.

These legacies vested at the death of the testator, and the case is, therefore, unembarrassed by questions that might otherwise have arisen.