UNITED STATES *v.* HAZARD and others, Executors.[*]

(*Circuit Court, E. D. Pennsylvania.* July 8, 1881.)

1. TAX ON LEGACIES—WHEN IT ACCRUED—ACTS OF CONGRESS.

By the act of congress of June 30, 1864, relating to legacy and succession taxes, as modified by the act of July 13, 1866, no tax was imposed until the beneficiaries under the will, or intestate laws, came to the possession or enjoyment of their property.

2. SAME—SIMILARITY OF PROVISIONS AS TO LEGACY AND SUCCESSION TAXES.

The provisions of the act in this respect were substantially the same with regard to the legacy tax as with regard to the succession tax, and the decision in *Clapp* v. *Mason*, 94 U. S. 589, relating to the latter, applies equally to the former.

3. SAME—LEGACIES VESTING IN POSSESSION AFTER REPEAL OF ACT.

The act of 1874, unlike the act of 1862, created no lien or charge until the government was authorized to demand the tax, and hence legacies which did not vest in possession or enjoyment until after the repeal of the act are not liable to the tax.

Motion for judgment in a suit brought by the United States to recover a legacy tax. The jury, by a special verdict, found substantially the following facts:

Erskine Hazard died February 14, 1865, leaving personal estate valued at $163,046.42. By his will he gave to his wife the full use and enjoyment of all his estate and property during her life, and he directed that at her death the remainder of his property be divided equally in shares among such of his children as might then be living and the families of those who might have died leaving issue. He further directed that the shares which should thus fall to two of his daughters (naming them) should be placed with a trust

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

company, upon certain trusts, for their benefit. Testator's widow died August 17, 1874, leaving five children surviving. If upon the above facts the court should be of opinion that the estate which came into the hands of the executors at the death of the widow was liable to a legacy tax, then verdict for plaintiff for $1,630.44. If the court should be of opinion that such estate was liable not only to the tax, but also to a penalty for non-payment, then verdict for plaintiff for $1,826.04. If the court should be of opinion that such estate was not liable to a legacy tax, then verdict for defendant.

*John K. Valentine,* U. S. Dist. Att'y, for plaintiff.

*Samuel Dickson* and *John C. Bullitt,* for defendants.

BUTLER, D. J. Judgment must be entered for the defendant on the special verdict. The testator having died in 1865, the claim of the government rests on the act of 1864, as modified in 1866. By this act, thus modified, no tax was imposed until the beneficiaries under the will, or intestate laws, came to the possession or enjoyment of their property. The provisions, in this respect, touching legacies and successions, were substantially the same,—if not identical; and the decision in *Clapp* v. *Mason,* 94 U. S. 589, therefore, leaves nothing open to discussion. What is said in that case applies with equal force here. This act—differing from that of 1862—created no lien or charge until the government was authorized to demand the tax. No right accrued until that time. The legacies here involved did not vest in possession or enjoyment until 1874,—four years subsequently to the repeal of the statute. This view renders an examination of other questions discussed by counsel unnecessary. What is, or is not, a vested legacy or devise, under the decisions in this state, is often a very difficult question. Here we need not consider it.