[See 13 Wall. (80 U. S.) 602.]

## Case No. 9,253.

### MASON et al. v. SARGENT.

[23 Int. Rev. Rec. 155.]

Circuit Court, D. Massachusetts. Oct. Term, 1876.[1]

TAXATION—INTERNAL REVENUE—TAX ON SUCCESSIONS—REPEAL—ACCRUED RIGHT.

[A testator who died in 1867 bequeathed certion personalty in trust for his widow for life and at her death to be divided between his two adult children. The act of July 14, 1870 (16 Stat. 261), repealing the internal revenue tax on legacies and successions, exempted from repeal any case when the tax had become "an accrued right." Held, that the tax against the bequest accrued immediately upon the death of the testator, though not due and payable until after the death of the widow.]

[Cited in U. S. v. New York Life Ins. & Trust Co., Case No. 15,873. Followed in Hellman v. U. S., Id. 6,341. Cited in U. S. v. Rankin, 8 Fed. 875.]

[This was an action by William P. Mason and others against John Sargent, collector of internal revenue, to recover taxes, alleged to have been illegally exacted.]

George Putnam, for plaintiffs.
George P. Sanger, U. S. Atty., for defendant.

SHEPLEY, Circuit Judge. This action is brought to recover back a legacy tax paid under protest by plaintiffs to the defendant as collector of internal revenue for the Fourth Massachusetts district.

William P. Mason, the plaintiffs' testator, died December 4, 1867. By his will the personal property upon which the tax in question was levied was bequeathed to the plaintiffs in trust for his widow during her life, and upon her death one-half to his son William P. Mason, and one-half to his daughter Elizabeth R. Cabot, both being of full age at the time of his decease. The widow died June 17, 1872.

In April, 1873, the tax in question was assessed by the assessor of internal revenue for said district upon the ground that the 17th section of chapter 255, Act July 14, 1870 [16 Stat. 261], exempted this tax as "an accrued right" from the operation of the 3d section of the same act which repealed "the special tax on legacies and successions from and after the first day of October, eighteen hundred and seventy." Plaintiffs, to avoid distraint, paid the tax under protest that the property did not vest in the plaintiffs' cestui que trust in possession until the death of testator's widow which oc-

---

[1] [Reversed in 104 U. S. 689.]

curred after October 1, 1870, the date at which the repeal of the legacy tax took effect, and that the tax had not accrued October 1, 1870, so as to be within the saving clause of the 17th section of the act of repeal. Plaintiffs duly claimed of the commissioner of internal revenue the refunding of the tax for the reasons above stated. The commissioner rejected the appeal upon the ground that the tax accrued under the act of June 30, 1864 [13 Stat. 223], and was saved by section 17 of the act of July 14, 1870. Plaintiffs thereupon commenced this action for the sum of two thousand two hundred and forty dollars with interest from May 13, 1873, and the case is submitted to the court upon the foregoing facts which are agreed by the parties.

By the provisions of the 124th section of chapter 173, Act June 30, 1864, "any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares arising from personal property where the whole amount of such personal property, as aforesaid, shall exceed the sum of one thousand dollars in actual value, passing after the passage of this act, from any person possessed of such property, either by will or the intestate laws of any state or territory, or any personal property or interest therein, transferred by deed, grant, bargain, sale, or gift, made, or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body or bodies politic or corporate, in trust or otherwise, shall be and hereby are made subject to a duty or tax to be paid to the United States as follows," etc.

The 125th section provided that the tax or duty should be a lien on the property of every person who should die as aforesaid for twenty years, or until the same within that period, be paid to the United States. The act of July 13, 1866, c. 184, § 9 (14 Stat. 140), while retaining the lien given by the 125th section of the act of June 30, 1864, provided that "the tax or duty aforesaid shall be due and payable whenever the party interested in such legacy or distributive share of property or interest aforesaid, shall become entitled to the possession or enjoyment thereof, or to the beneficial interest of the profits accruing therefrom." It also made it the duty of the executor, administrator, or trustee, having in charge or trust any such legacy or distributive share of an estate, to give notice thereof to the assessor or assistant assessor of the district within thirty days after he shall have taken charge of the trust.

The third section of chapter 255, Act July 14, 1870, repealed the tax on legacies and successions from and after the 1st day of Oc-

tober, 1870. The 17th section of the same act continued the former acts in force "for levying and collecting all taxes properly assessed or liable to be assessed or accruing under the provisions of former acts," and "for maintaining and continuing liens, etc., incurred under and by virtue thereof," and further provided that the act of repeal "should not be construed to affect any act done, right accrued, or penalty incurred under former acts," but every such right was expressly saved.

The tax upon a pecuniary legacy under the provisions of these statutes must be taken to have accrued immediately upon the death of the testator, though not due and payable until the party interested in the legacy becomes entitled to the possession or enjoyment thereof, or the beneficial interest in the profits accruing therefrom. The lien of the United States for the tax attached to the fund in the hands of the executors and trustees as soon as they entered upon the trust. This lien was maintained and continued by the provisions of the 17th section until the tax, the right to which accrued at the death of the testator, became due and payable after the death of the widow, when the children became entitled to the possession and enjoyment of the fund. It was determined in May v. Slack [Case No. 9,336], that the tax is to be taken to accrue upon a pecuniary legacy immediately upon the death of the testator though not payable until the legacy is payable. If the tax accrued before October 1, 1870, it was within the exceptions of the 17th section, and was properly collected, and cannot be recovered back.

Plaintiffs nonsuit. Judgment for defendant, with costs.

[The case was taken on writ of error to the supreme court, where the judgment of the circuit court was reversed. 104 U. S. 689.]