## Case No. 15,343.

UNITED STATES v. HELLMAN.

[23 Int. Rev. Rec. 387.]

District Court, S. D. New York. 1878.[1]

INTERNAL REVENUE—REPEAL OF LEGACY TAX.

[The act of July 14, 1870 (16 Stat. 261), repealing the legacy tax, did not affect the govern-

[1] [Affirmed in Case No. 6,341.]

ment's rights to a tax which had accrued by the happening of the contingency upon which the legacy passed prior to the date of the repealing act, although the legatee did not become entitled to the possession or enjoyment of the legacy until after that date.]

[Cited in U. S. v. Rankin, 8 Fed. 875.]

This action is brought [against Angelo Hellman] to recover a legacy tax under section 1245, Act June 30, 1864 (13 Stat. 285), as amended by Act July 13, 1866 (14 Stat. 140), the fact being that the tax accrued,—that is, the contingency upon which it arose, the passing of the legacy, occurred,—before October 1, 1870, although the party interested became entitled to the possession or enjoyment of the legacy, and to the beneficial interest in the profits accruing therefrom, after October 1, 1870. The question presented is whether the act of July 14, 1870, § 3 (16 Stat. 257), repealing the tax on legacies and successions on and after October 1, 1870, applies to this case, or is it saved by section 17 of that act (16 Stat. 261)?

Roger M. Sherman, Asst. U. S. Atty.
Lauterbach & Spingarn, for defendant.

BLATCHFORD, District Judge. I do not think the decision in Clapp v. Mason, 94 U. S. 589, covers this case. The facts in this case are like those in Mason v. Sargent [Case No. 9,253], and I concur with Judge Shepley in the views announced by him in his decision in that case. The defendant, being executor, is made liable or "subject" to the tax, and was bound to pay it before paying over the legacies, after the legatees became entitled, in February, 1875, to the possession and enjoyment of the legacies. Judgment is ordered for the plaintiffs on the demurrer, with leave to the defendant to answer in twenty days on payment of costs.

[Subsequently a writ of error was sued out from the circuit court, where the judgment of this court was affirmed. Case No. 6,341.]

UNITED STATES (HELLMAN v.). See Case No. 6,341.