## UNITED STATES *v.* RANKIN.

*(Circuit Court, E. D. Missouri.* October 7, 1881.)

1. LEGACY TAX — BEQUEST OF AN ALIEN NON-RESIDENT TO ALIEN NON-RESIDENTS FOR LIFE, WITH REMAINDER TO RESIDENTS AND NON-RESIDENTS OF THE UNITED STATES—ACTS OF CONGRESS CONSTRUED — EFFECT OF REPEALING ACT OF JULY 14, 1870.

An alien non-resident died in Ireland, July 18, 1870. By her will she bequeathed property, situated partly in Ireland and partly in Missouri, to A. and B., who were also alien non-residents, for the life of A., with remainder to alien non-residents and two resident citizens of the United States. Her will was probated in Ireland, and ancillary letters of administration were granted in Missouri, November 2, 1870. On October 13, 1877, A. and B. conveyed their interests to the remainder-men. At the time of the conveyance, the portion of the estate situate in Missouri was still in the American executor's hands. Suit being brought to recover a legacy tax upon the estate in his hands, it was *held* that, under the acts of congress prior to the repealing act of 1870, the taxes would not have accrued, if at all, until the beneficiaries entered into possession or enjoyment of the property, and that as said legatees did not enter into possession or enjoyment of their legacies before 1877, the property then in said executor's hands was exempted by the repealing act of 1870 from the legacy tax imposed by the various prior acts.

Whether or not the interests derived by either the foreign or American legatees as remainder-men were, under the facts stated, subject to a legacy tax, *quære.*

This is an action of debt for legacy tax. The facts, as set forth in the petition, are as follows:

On the eighteenth of July, 1870, Ann Orr Rankin, a subject and resident of Great Britain, who had never resided in the United States, died, testate, in Ireland. At the date of her death she owned real estate and personal estate both in Ireland and the United States. The latter property, situate in St. Louis, had been long held and managed by her agent in said city.

By her will she left to her mother and sister, in equal shares, all the income of her estate during the natural life of the mother, and, at the death of the mother, one-half to go to her brother Robert, and the other half to be divided in seven parts, distributable as in the will stated. The will named her three brothers executors. Said will was probated in Ireland, where twenty-four twenty-eighths of said estate, situate in that country, were distributed. On November 2, 1870, said will was probated in St. Louis and letters testamentary granted, and such proceedings had thereunder that the defendant became sole executor in charge of the estate. On October 13, 1877, the life-tenants conveyed their interest to the remainder-men. From the death of the testatrix (1870) to the date of said conveyance (1877) said executor paid to said mother and sister in Ireland, as income derived from the personal property in St. Louis, the sum of $30,218.93, which sum was the value of said estate in the hands of the executor. All of the remainder-men who purchased the life estate aforesaid, except two, were citizens and residents of Great Britain, and one of the two, Robert, conveyed his interest (*when* is not alleged) to a brother and sister, not citizens or residents of the United States. In due course of administration the St. Louis probate court ordered final distribution of the legacies, and, in accordance with the foregoing rights, to be paid by this defendant as executor. The petition sets out in detail what sums the executor, pursuant to said order, paid to the respective parties, etc. Although the date of said order and of said payment is not stated, yet it is understood it was subsequent to 1877.

A demurrer to the petition is interposed, and has been fully argued.

*Bliss, Drummond & Smith,* for the United States.

*G. M. Stewart,* for defendant.

TREAT, D. J. On the foregoing statement of facts several intricate propositions arise, under the revenue laws of the United States, concerning some of which decisions have been made apparently in conflict with each other.

Prior to the repealing act of July 14, 1870, the several United States statutes, concerning succession and legacy taxes, provided that executors, etc., as to legacies or distributive shares from personal property, should be made subject to the duty or tax prescribed, when said property passed—

"From any person possessed of such property, either by will or by the intestate laws of any state or territory, or any personal property or interest therein, transferred by deed, etc., made or intended to take effect in possession or enjoyment after the death of the grantor or bargainer," etc.

The first contention is as to the terms of the statute concerning

foreign wills. The United States contends that the clause of the statute above quoted should be interpreted to mean that any legacy under a will, wherever made, is subject to a legacy tax, if the legacy enures to the benefit of an American citizen, and he receives the same; and that the other words, "or by the intestate laws of any state or territory," are not restrictive as to wills. There is no adequate reason, it is urged, why an American citizen, receiving a legacy through a foreign will, should not pay a legacy tax when he would be subject thereto if the legacy was through a domestic will. To this argument may be suggested that the same reason would prevail with respect to the intestate estates. The law of the domicile prevails as to personalty, whether the decedent is testate or intestate; yet the same clause of the statute limits the liability of the executor, in cases of intestacy, to the transmission of property by the laws of the state or territory. Why should not property, passing by laws of descent in a foreign country to an American citizen, be subject to tax as well as if passing by will? Is there, in the language of the statute, any distinction to be drawn between a foreign legacy and a foreign distribution of an intestate estate, or are the terms used in the same sentence to be interpreted as covering the same ground?

There are other provisions of the statute that shed light on the subject. The executor was required to make his returns and pay the tax to the collector of the district where the decedent resided. The decedent in this case resided in Ireland, and never was in the United States. Consequently, the executor's return and payment could not be made in accordance with law to any United States collector.

Without expressly passing upon this point, but intimating merely that the statute does not cover a case like the present, it is important to consider the effect of the repealing act of July 14, 1870. That act repealed the succession and legacy taxes, with this saving proviso—

"That all the provisions of said [repealed] acts shall continue in full force for levying and collecting all taxes properly assessed, or liable to be assessed, or accruing under the provisions of the former acts or drawbacks, the right to which has already accrued, or which may hereafter accrue, under said acts," etc.

Without entering upon the nice distinctions between successions and legacies, it must suffice that the taxes chargeable were, under the statutes, due and payable when the beneficiary entered into the possession or enjoyment of the property, and not before. It is obvious that the value of the succession or legacy could not be determined until the right of possession accrued.

In the case of *May* v. *Slack*, 16 Int. Rev. 134, it was held that, in the case of a pecuniary legacy, the tax "accrued" immediately on the death of the testator, although not due and payable until a subsequent period, and consequently the legatee was liable despite the repealing statute. So far as disclosed, that was a case of immediate bequest, subject only by operation of law to the usual course of administration,—a case different from that under consideration in this: that here the American legatees were to have possession only after the determination of a life estate.

In the case of *Clapp* v. *Mason*, 94 U. S. 589, the foregoing case of *May* v. *Slack* was summarily disposed of, with the remark that it has no bearing on the question then considered. Why not? The repealing act pertained to legacies and successions. True, as to successions, there are some provisions not applicable to legacies; yet the main fact is common to both, viz., that the taxes were not due and payable until the beneficiary entered into possession or enjoyment. The United States supreme court said: "It is manifest that the right does not accrue until the duty can be demanded; that is, when it is made payable." Hence it was held in that case that as the remainder-men did not enter into possession until 1872, after the determination of a life estate created in 1867, no succession tax accrued before the repealing act.

In the case now before the court the remainder-men and their representatives did not, as legatees, come into possession or enjoyment of the legacies until 1877, on the extinguishment of the life estate. The exception in the repealing act is clear and significant. No taxes had been nor could lawfully be assessed on these legacies prior to August or October, 1870, for the legacies were not then due and payable, nor were they liable to be assessed. Certainly, the taxes had not accrued, for no possession or enjoyment accrued until 1877.

The case of *Clapp* v. *Mason* seemed to have been decisive of the question as to successions, and, by parity of reasoning, as to legacies also. But in the case of *Mason* v. *Sargent*, 23 Int. Rev. Rec. 155, the United States circuit court for Massachusetts held otherwise. That ruling was made before the decision of the United States supreme court was known, and followed the case of *May* v. *Slack*. The case of *U. S.* v. *Hellman*, 23 Int. Rev. Rec. 387, refers to *Clapp* v. *Mason*, and, for reasons given, follows *Mason* v. *Sargent*.

Which line of reasoning or construction is the more cogent—that of the United States supreme court, or of the two circuit courts? If the United States supreme court had passed directly upon the point

its views would be conclusive; but every argument by it, with respect to a succession tax, applies with equal, if not greater, force to a legacy tax. Take the case at bar for illustration. An alien non-resident bequeathed in 1870 her estate, situate mostly in Ireland, to her mother and sister for life, with remainder to several others, some of whom were alien non-residents, and only two citizens and residents of the United States. A very small portion of her estate was situate in this country, where ancillary administration was had. None of the remainder-men, alien or resident, could come into possession or enjoyment of the expectant estate until the life estates disappeared. What the value of the estate would then be could not be previously ascertained, nor were the taxes thereon, in any event, due and payable until the life estates ceased. The legatees were citizens and aliens, and the executor here was ordered to distribute the personal estate to said citizens and aliens accordingly. Was he to pay a legacy or succession tax on the distributive shares going to non-resident aliens? It should be taken for granted, that, as to the share of Robert, who was a resident citizen of this country, it could not escape the tax, although bought by his alien kinsmen, if the same were taxable in 1877.

The various provisions of the revenue acts incline me to the opinion that the interests derived by the American legatees, as remainder-men, under the facts stated, were not subject to a legacy tax. But, whether that be so or not, I must hold that the repealing act of 1870 exempted the defendant, and the property in his hands, in 1877, from the legacy tax imposed by the various acts prior to 1870. The demurrer is sustained.