## STUART *v.* BARNES.

*(Circuit Court, E. D. Pennsylvania. April 4, 1890.)*

1. INTERNAL REVENUE—DISTILLED SPIRITS—EXCESSIVE TAX—RECOVERY.

Spirits were manufactured and placed in bond prior to July 20, 1868. Upon withdrawal, on July 26, 1869, plaintiff was required to pay taxes on 13.86 gallons more than the number of proof gallons, through the reckoning by the collector of each fraction of a gallon left over in each package, after the number of whole gallons therein had been counted, as a whole gallon. *Held,* in view of Act July 20, 1868, (15 St. 125,) plaintiff could not recover the amount of the taxes collected on these extra gallons.

2. SAME—ALLOWANCE BY ACT OF CONGRESS—INTEREST.

An amount awarded by act of congress to reimburse a claimant for excess of taxes paid does not, unless especially so stated, give claimant a right to recover interest from the time of the illegal exaction.

3. SAME—LIMITATIONS.

A suit was brought more than 18 years afterwards to recover excess of tax paid through the collector's rating certain fractional parts of gallons of spirits as whole gallons. Prior to suit brought, plaintiff had made a claim for tax charged on spirits lost by evaporation while in the warehouse, but not for this alleged excess. *Held,* plaintiff had not complied with provisions of Rev. St. §§ 3226–3228, and his claim was barred.

**4. Same—Effect of Payment under Act of Congress.**
Amounts paid through Act Cong. July 26, 1886, were not payments on account, but were in satisfaction of the claims presented.

At Law.

This was a suit brought for the recovery of $250.40, with interest from June 26, 1869, alleged to have been illegally collected by the defendant's testator, who had been during his life-time a collector of internal revenue for the eastern district of Pennsylvania. It appeared upon the trial that the plaintiff was a dealer in distilled spirits, some of which, in the United States bonded warehouse, were owned by him prior to April 14, 1869, and were withdrawn for sale and consumption by him on June 26, 1869. They had been manufactured and placed in bond prior to July 20, 1868, and upon withdrawal the plaintiff was required to pay a tax upon an amount of spirits in excess of the amount withdrawn as shown by actual gauge at the time of the withdrawal. The number of packages withdrawn was 460, as it was proved upon the trial, and the whole quantity of spirits withdrawn was 1,819.14 proof gallons, or 1,833 package or taxable gallons. The sum of 62 7-30 cents per gallon, reckoning each fraction of a gallon in each package as a whole gallon, was levied; and the total amount of tax exacted and collected was $1,382.51, which amount was made up of the following items:

| | |
|---|---:|
| Of actual spirits withdrawn, 1,819.14 gallons, at 62 7-30 cents, | $1,132 11 |
| On increased fractions computed as wholes, 13.86 gallons, at 62 7-30 cents, - - - - - - - | 8 62 |
| On spirits alleged to have been lost in United States warehouse, 388.54 gallons, at 62 7-30 cents, - - - | 241 78 |
| Total, - - - - - - - | $1,382 51 |

It appeared in evidence that the original claim for the alleged illegal collection was made August 3, 1871, for $241.78; and upon October 3, 1871, it was returned to the collector of internal revenue for this district at the request of the plaintiff, and an amended claim for $241.78 was thereupon filed upon March 20, 1878, which upon February 24, 1883, was rejected, and the collector notified. Subsequently, upon April 30, 1883, at the request of the plaintiff's attorney, the claim was reopened, and upon December, 1884, again rejected. Upon March 18, 1885, however, it was again reopened, and upon April 28, 1886, again rejected. Upon the trial, also, the act of congress dated July 26, 1886, (24 St. at Large, c. 783,) was put in evidence, showing that the plaintiff's claim for $241.78 was favorably considered, and a receipt by his attorney for that amount was also proved, dated August 17, 1886, and that this suit was brought April 25, 1887. It appeared, also, that the claim filed March 20, 1878, for $241.78, was upon form known as "Series 6, No. 14," for taxes improperly paid, and set out the facts hereinbefore indicated, and claimed that the tax was illegal to the amount stated because the plaintiff had been taxed for a quantity which was not actually withdrawn, but which was lost by evaporation or leakage while in the warehouse. It was shown, also, that this was the only claim presented by

the plaintiff to the internal revenue department in pursuance of the provisions of Rev. St. §§ 3226–3228; and upon the trial a special plea was filed on behalf of the defendant, that, to entitle the above plaintiff to maintain the above suit, appeal was not duly made to the commissioner of internal revenue according to law, and that it was not duly brought within the period of time allowed thereby.

On behalf of the plaintiff the following points were submitted:

"(1) That the spirits withdrawn by the plaintiff June 26, 1868, were manufactured and placed in the United States bonded warehouse prior to July 20, 1868, and plaintiff was only liable to pay a tax on the number of gallons of spirits then actually withdrawn by him from bonded warehouse, to-wit, 1,819.14 proof gallons, on which the tax was $1,312.11, and that defendant's testator unlawfully exacted in excess thereof the sum of $250.40 as a tax on spirits which had originally been bonded, but which had disappeared by leakage, evaporation, or otherwise." Affirmed.

"(2) That at common law the plaintiff became forthwith entitled to bring an action against the defendant's testator in his individual capacity, and not as a United States collector of internal revenue, which right was suspended by the act of congress until plaintiff had appealed from the illegal tax to the commissioner of internal revenue, and his appeal was finally rejected by the commissioner of internal revenue April 28, 1886." Refused.

"(3) That, upon the final rejection of the plaintiff's claim by the commissioner of internal revenue, the plaintiff's right of action against the defendant's testator in his individual capacity revived, and his action must be commenced within one year thereafter, and this action was brought within the statutory time." Refused.

"(4) That the measure of the liability of the defendant's testator is oth amount of the tax illegally exacted by him from the plaintiff, to-wit, $240.50, with interest at six per centum from June 26, 1869, to the date of the verdict, subject to a credit of $241.78." Refused.

"(5) That the sum of $241.78 paid plaintiff on the 17th day of August, A. D. 1886, was not a payment of his claim made by the appeal to the commissioner of internal revenue under the acts aforesaid, and that the said claim had previously been rejected, and was not pending in the treasury department at that time. The same was a voluntary payment by the United States, without any conditions, of a part of a sum of money then due to the plaintiff, not from the United States, or in recognition of the plaintiff's rejected claim, but from the defendant's testator in his individual capacity. This sum was paid and received expressly on account." Refused.

"(6) The plaintiff may and has elected to apply this sum as a payment on account of the sum of $507.83, to-wit, $250.40, the excess of tax, and $257.43, interest thereon from June 26, 1869, to August 17, 1886, which was upon that day due to plaintiff by defendant's testator, and the plaintiff is entitled to a verdict for the balance then due, to-wit, $266.05, with interest thereon to date." Refused.

"(7) The present action is not against the United States, nor is it an action against the defendant's testator in his capacity of a United States collector of internal revenue; but the same is an action against him in his individual capacity, and is to be governed by the same rules as other actions between private citizens." Refused.

"(8) That the plaintiff's claim against the United States was not reopened and allowed after April 28, 1886." Affirmed.

"(9) That the commissioner of internal revenue had no judicial functions to perform under the private act of July 26, 1886, and his duty thereunder

was purely ministerial, and was limited to ascertaining what excessive tax had been exacted from the plaintiff; and this inquiry, and the payment of $241.78 to the plaintiff, were solely by virtue of the provisions of the said private act of congress." Affirmed.

On behalf of the defendant the following points were submitted:

"(1) From the plaintiff's claim, as set out in the bill of particulars, of $250.40, you must deduct the amount of $241.78 paid him upon August 17, 1886, under the act of July 26, 1886, (24 St. c. 783;) and in this suit he cannot recover any interest whatever upon the said amount of $241.78.

"(2) The act of July 26, 1886, under which the payment of $241.78 was made to the plaintiff, states that it was a refund of taxes exacted and paid on distilled spirits in excess of the quantity withdrawn from the warehouse, and the act did not provide for the payment of interest; and your verdict in this case should be for the defendant.

"(3) The plaintiff cannot recover an amount of taxes alleged by him to have been illegally assessed by counting fractions of gallons as whole gallons. The act of congress of July 20, 1868, (15 St. 125,) provides that a fractional part of a gallon in excess of the number of gallons in a cask or package should be taxed as a gallon; and your verdict upon that part of the plaintiff's claim in this suit should be for the defendant.

"(4) The plaintiff failed to present his claim to the commissioner of internal revenue for refunding the alleged excess of taxes upon fractions of gallons in the manner, and within the period of time, required by law, and therefore he cannot recover in this suit.

"(5) The claim presented by the plaintiff in this suit was included in the payment made to him under the provisions of the act of July 26, 1886, (24 St. c. 783,) and therefore he cannot recover; and your verdict should be for the defendant.

"(6) Your verdict should be for the defendant."

*J. W. M. Newlin,* for plaintiff.

*William Wilkins Carr,* Asst. U. S. Atty., and *John R. Read,* U. S. Atty., for defendant.

McKENNAN, J., (*charging jury.*) Although I do not give you any binding instructions to that effect, yet, in the judgment of the court, under all the evidence in the case, the defendant here is entitled to a verdict. As the case is presented to you, in the judgment of the court, you could only find a verdict properly in favor of the defendant.

The jury thereupon rendered a verdict for the defendant.