PHILADELPHIA TRUST, ETC., CO., et al. v. McCOACH, Collector
(two cases).

NORRIS et al. v. McCOACH, Collector.

(Circuit Court, E. D. Pennsylvania.    March 1, 1905.)

Nos. 36, 69, and 32.

INTERNAL REVENUE—LEGACY TAXES—EFFECT OF REPEAL OF STATUTE.

Legacy taxes under the war revenue act of June 13, 1898, c. 448, § 29, 30 Stat. 464, as amended by Act March 2, 1901, c. 806, § 10, 31 Stat. 946 [U. S. Comp. St. 1901, p. 2307], which by section 30 are made due and payable one year after the death of the testator, are not collectible on the estates of persons who died within one year prior to July 1, 1902, at which time the repeal of said section 29 took effect [U. S. Comp. St. Supp. 1903, p. 279].

Suits to recover legacy taxes paid.    On demurrers to statements of claim.

See 127 Fed. 386.

H. Gordon McCouch, for plaintiffs.
Jasper Y. Brinton and J. Whitaker Thompson, for defendants.

J. B. McPHERSON, District Judge.    These suits, which are alike in their essential facts, are brought to recover taxes upon legacies which were imposed under sections 29 and 30 of the war revenue act of June 13, 1898, c. 448, 30 Stat. 464, 465, as amended by the act of March 2, 1901, c. 806, §§ 10, 11, 31 Stat. 946, 948 [U. S. Comp. St. 1901, pp. 2307, 2308], and were paid to the collector under protest. The controlling question in each case has recently been decided by the Circuit Court of Appeals for the Second Circuit in Eidman, Collector, v. Tilghman et al., 136 Fed. 141, and I shall follow that ruling without discussion.    The point decided there was that the sections referred to did not impose the tax until the end of a year after the death of the testator, because the act of 1901 declared that the tax should then be due and payable, and should be a lien and charge upon the property of the decedent; and therefore that legacies passing by the will of a testator who died October 13, 1901, could not be taxed, because section 29 of the act of 1898 was repealed by the act of April 12, 1902 [U. S. Comp. St. Supp. 1903, p. 279], and no tax was saved by section 8 of that statute unless it had become due and payable, and had thus been already imposed, before July 1, 1902, the date when the repealing act took effect.

In the first of the cases now under consideration, the decedent died May 24, 1902; in the second, April 14, 1902; and in the third, November 18, 1901—in each case after July 1, 1901, and within the year fixed by law as the period which must elapse before the tax should become due and payable.

Accordingly, judgment may be entered on the demurrer in each case in favor of the plaintiffs for the amount of the tax, with interest thereon.