## CLAPP *v.* MASON.

A., who died Dec. 4, 1867, devised his real estate to his widow for her life, with remainder over to B. She died June 17, 1872, when B. entered. *Held*, that an internal revenue tax could not be legally assessed May 15, 1873, on B.'s succession.

ERROR to the Circuit Court of the United States for the District of Massachusetts.

The facts are stated in the opinion of the court.

*Mr. Assistant Attorney-General Smith* for the plaintiff in error.

*Mr. George Putnam, Jr., contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The plaintiffs below brought their action against the collector of internal revenue to recover back a tax paid to him to avoid distraint. The facts are these : —

William P. Mason, the plaintiff's testator, died Dec. 4, 1867. By his will, the real estate upon which the tax in question was levied was devised to his widow for her life, or until she should cease to occupy the same as a place of residence, and upon her death, or ceasing so to occupy the same, to the plaintiff.

The widow occupied the said real estate as her residence until her death, June 17, 1872.

The tax in question was assessed on the 15th of May, 1873, by the assessor of said district, and on the 31st of May, 1873, the plaintiff paid the defendant the said tax under protest, to avoid distraint or other forcible process to collect the same.

The Circuit Court held that the tax was illegally imposed, and gave judgment that the party paying it should recover back the amount with interest. The collector appeals.

The relationship, if any, between the deceased and the devisees does not appear. The identity of names is suggestive upon the point; but no facts in relation to it are contained in the record.

It is conceded that under the United States statute of 1864 the tax would have been a proper one. The statute of July 14, 1870, repealed the taxes imposed by the act of 1864 on legacies

and successions after the first day of August, 1870.  16 Stat. 261, sect. 17.

The Repealing Act contained the following proviso : —

"And all acts and parts of acts relating to the taxes herein repealed, and [that] all the provisions of said acts shall continue in full force for levying and collecting all taxes properly assessed or liable to be assessed, or accruing under the provisions of former acts, or drawbacks, the right to which has already accrued, or which may hereafter accrue, under said acts, and for maintaining and continuing liens, fines, penalties, and forfeitures incurred under and by virtue thereof; and this act shall not be construed to affect any act done, right accrued, or penalty incurred under former acts, but every such act is hereby saved."

The collector insists that the tax upon the succession in ques tion had accrued before the repeal of the act of 1864; to wit, that it accrued upon the death of the testator in 1867.  The devisees contend that the tax did not accrue until they came into the possession of the land, and that before this occurred the statute authorizing the tax was repealed.  The question is, when did the right to this tax accrue, — at the death of the testator, or at the death of the widow, when the plaintiff became entitled to the possession of the land?

By the statute of 1864, as a part of a system of taxation made necessary by the existence of a civil war, a tax was imposed upon the "succession to real estate."  13 Stat. 287.  The term "real estate" was defined to include all lands, tenements, and hereditaments, corporeal and incorporeal; and a "succession" was declared to denote "the devolution of title to any real estate."  Sect. 126.

By sect. 127 it is provided that any disposition by will, or deed, or descent, by reason whereof any person shall become beneficially entitled in possession or expectancy to any real estate or any interest therein upon the death of any person, shall be deemed to confer a succession.  The argument made upon this section by the plaintiff in error, that the will of. Mason conveyed an estate to William P. Mason and Charles H. Parker, and that, although they were not entitled to immediate possession, they had a vested estate, and that the succession to such an estate was made taxable, we readily admit.  We agree,

further, that vested estates not only, but estates which are not vested, — those in expectancy merely, — are within the statute. *Wimple* v. *Forda*, 2 Johns. (N. Y.) Ch. 288. The admission, however, does not aid us in deciding the point before us, as the question of time still arises, — when is this vested estate taxable?

Sect. 133 enacts that the duties there provided for shall be as follows, viz.: Where the successor is a lineal descendant or a lineal ancestor, at the rate of one per cent upon the value; where the successor is a brother or sister, or a descendant of a brother or sister, at the rate of two per cent upon the value; . . . where the successor shall be a stranger in blood to the testator, at the rate of six per cent upon the value.

The next section provides, that if by reason of death the succession shall pass to another person before the first taker shall have become entitled to the possession, then one duty only shall be paid; and such duty shall be due from the successor first entitled to possession, and shall be at the highest rate which either successor would have been liable to pay.

Thus, in the case before us, if we may suppose that the testator devised his real estate to his wife during her life or her occupancy, and after her death or ceasing to occupy to his son William P. Mason, and to his nephew Charles Henry Parker, jointly, and in another contingency to one who bore no relationship to him, the rate of duty chargeable upon succession by the first-named person, if he stood alone, would be that of one per cent, and upon the succession of Parker, that of two per cent, upon the value. If before becoming entitled to the possession of the estate by either of the contingencies mentioned, the estate should pass to the stranger in blood to the testator, the succession would be chargeable with a duty at the rate of six per cent upon its value.

The statute contemplates the payment of one succession duty only upon the death of an owner of real estate, and it contemplates the exaction of the highest of the rates prescribed, which has become payable upon the principles stated, before the successor is entitled to enter into the enjoyment of the estate. It would be difficult to carry out this system in any other manner than by the provision that the succession should not be deemed

taxable until such time as the successor should be entitled to its possession.

We find, therefore, as perfecting the plan, that sect. 137 prescribes that period as the time when the duty is to be paid.

"SECT. 137. And be it further enacted, that the duty imposed by this act shall be paid at the time when the successor, or any person in his right or his behalf, shall become entitled in possession to his succession, or to the receipt of the income or profits thereof."

The act of 1864 contains no statement or intimation that this duty creates any lien upon the land, or that any obligation arises, or that any right accrues at a period earlier than that fixed for the payment of the duty.  See sects. 133, 137.

By the statute of 1866 the duty becomes a lien on the succession " from the time when such tax shall become due and payable."  14 Stat. p. 140.  By the same statute an assessment is to be made within thirty days from the time the party becomes entitled to the possession of the estate.  Id. 140, 141.

It is manifest that the right does not accrue until the duty can be demanded, that is, when it is made payable; in other words, at the end of thirty days after becoming entitled to possession.

The provision of a subsequent section (sect. 144) in relation to estates in expectancy, that is, where the estate of the successor is not a vested one, is upon the same theory.  In that case the commissioner of internal revenue is authorized to commute the duty presumptively payable for a sum certain to be presently paid, ascertaining the present value of such presumptive duty upon principles laid down.  It is not certainly known in either class of cases who will be the party liable to pay the duty, upon what value it shall be paid, nor what will be its rate, until the arrival of the time of enjoyment.

In the case we are considering, the successor did not become entitled to the possession or enjoyment of the estate until the death of the widow, which occurred on the seventeenth day of June, 1872.  The duty imposed extended only to successions accruing prior to Aug. 1, 1870.  The saving clause, therefore, does not reach the case.

*May* v. *Slack*, 16 Int. Rev. Rec. 134, is cited, but it has no bearing upon the question.

We are satisfied that the statute was correctly construed by the Circuit Court.　　　　　　　　　*Judgment affirmed*