EIDMAN, Collector, v. TILGHMAN et al.

(Circuit Court of Appeals, Second Circuit. February 24, 1905.)

No. 169.

INTERNAL REVENUE—LEGACY TAXES—CONSTRUCTION OF REPEALING ACT.

Under sections 29 and 30 of the war revenue act of July 1, 1898, c. 448, 30 Stat. 464, 465 [U. S. Comp. St. 1901, pp. 2307, 2308], as amended by Act March 2, 1901, c. 806, § 10, 31 Stat. 946, 948 [U. S. Comp. St. 1901, pp. 2307, 2308], which provided for a tax on legacies, to become "due and payable in one year after the death of the testator," and to be a lien, etc., such tax did not become a lien and was not "imposed" until one year after the testator's death; and hence legacies left by a testator who died within one year prior to July 1, 1902, at which time the act repealing such sections took effect, are not taxable thereunder, the repealing act of April 12, 1902, c. 500, § 8, 32 Stat. 97 [U. S. Comp. St. Supp. 1903, p. 279], saving only taxes which had been "imposed" prior to its taking effect.

In Error to the Circuit Court of the United States for the Southern District of New York.

Writ of error by the defendant in the court below to review a judgment for the plaintiffs entered upon overruling a demurrer to the complaint.

For opinion below, see 131 Fed. 651.

Charles D. Baker, Asst. U. S. Atty., for plaintiff in error.
Edward B. Whitney, for defendants in error.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

WALLACE, Circuit Judge. The controversy is whether the plaintiffs, executors of the will of Frederick W. Brittan, by which certain legacies were created, were properly assessed for a legacy tax under the provisions of the act of Congress of June 13, 1898, c. 448, § 29, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307], as amended by the act of March 2, 1901, c. 806, § 10, 31 Stat. 946. Brittan died October 13, 1901. The court below decided that they were not, because of the repealing act of April 12, 1902, c. 500, § 8, 32 Stat. 97 [U. S. Comp. St. Supp. 1903, p. 279].

Section 29 of the act of June 13, 1898, declares that executors having in charge or trust legacies of personal property thereafter passing by will to any person "shall be and hereby are made subject to a duty or tax to be paid to the United States" at a rate varying in the degree of consanguinity between the testator and the beneficiary. Section 30, as amended by the act of March 2, 1901, declares that the tax shall be due and payable in one year after the death of the testator, and shall be a lien and charge upon the property of the decedent for 20 years, or until the same within that period shall be fully paid to and discharged by the United States, and that any executor having in charge such trust or legacy shall give notice thereof in writing to the collector within 30 days after he shall have taken charge of such trust, and, before payment to the legatee, shall pay to the collector the amount of the duty or tax assessed upon such legacy, and shall also make and render to the collector a schedule or list of the amount of such legacy, together with the amount of duty which has accrued or shall accrue thereon, and containing the names of each and every person entitled to a beneficial interest therein, together with the clear value of such interest, which schedule or list shall be by him immediately delivered and the tax thereon paid to such collector. It further provides that in case the executor shall neglect to pay the aforesaid duty or tax to the collector within the time provided, or to deliver to the collector the schedule or list, or shall deliver to the collector a false schedule of such legacies, the collector shall make out such lists and valuation as in other cases of neglect, and shall assess the duty thereon, and shall commence appropriate proceedings in some court of the United States against the person or persons having the actual or constructive custody or possession of such personal estate or any part thereof, and subject the same to be sold upon the judgment or decree of the court for the satisfaction of the tax.

The act of April 12, 1902, is an act to repeal war revenue taxation. Section 7 repeals section 29 of the act of June 13, 1898, and all amendments of said section. Section 8 reads as follows:

"That all taxes or duties imposed by section 29 of the act of June 13, 1898, and amendments thereof, prior to the taking effect of this act, shall be subject as to lien, charge, collection and otherwise, to the provisions of section 30 of said act of June 13, 1898, and amendments thereof, which are hereby continued in force as follows."

The act, by section 9, then re-enacts section 30 of the act of 1898, as amended in 1901. Section 11 provides that the act shall take effect July 1, 1902.

It was obviously the effect of the repealing act to exempt from taxation after July 1, 1902, all legacies except such as should previously have become taxable. The repeal of a statute does not affect any right which has previously accrued under it, if the remedy is preserved by the repealing act; and, when a repealing act re-enacts the provisions for enforcing the right, it does not impair the right, and it can be enforced precisely as it could have been if there had been no repeal. Steamship Co. v. Joliffe, 2 Wall. 450, 458, 17 L. Ed. 805; Wright v. Oakley, 5 Metc. (Mass.) 400, 406. When statutes are repealed by acts which substantially retain the provisions of old laws, the latter are held not to have been destroyed or interrupted in their binding force. United Hebrew Association v. Benshimol, 130 Mass. 325.

The phraseology of the repealing act is happily chosen to suggest doubt as to its meaning. The tax is "imposed" by section 29 only in the sense that it is created or prescribed. That is the section which denominates the property upon which the tax is to attach, designates the person who shall be subjected to it, and establishes the rule for determining the rate and amount. Section 30 is the one which really imposes the tax, as without its provisions the provisions of section 29 would be nugatory. Without these provisions the tax would be nothing more than an inchoate right of the government. Consequently, when, in the words of the repealing act, all taxes or duties "imposed" by section 29 "prior to the taking effect of this act" are to remain unaffected by the repeal, the meaning of the word "imposed" is to be ascertained from the provisions of section 30. If, under these provisions, the tax had not been imposed at the date when the repealing act was to take effect, the plaintiffs were entitled to recover. If at that date it had been imposed, the decision below was erroneous. Nevertheless it is possible that Congress meant that the tax prescribed by section 29 was "imposed" by that section, and that any legacy passing before the repeal should remain liable, and that section 30 should continue in force for preserving the lien and enforcing payment. But Congress has not said this, and a tax is never to be exacted from a citizen by a doubtful interpretation of a taxing act. Ordinarily a tax cannot be regarded as imposed until it becomes a lien upon the property which is to be subjected to its payment. Section 30 does not in terms fix the time of the commencement of the lien, but its provisions do not necessarily import the existence of a lien prior to the time when it becomes the duty of an executor to pay the tax and render the list to the collector. We are of the opinion that this is the time when the lien first attaches, and consequently when the tax is imposed; and, however we might regard it as an original question, we are constrained to this conclusion by the decision in Mason v. Sargent, 104 U. S. 689, 26 L. Ed. 894. In that case the provisions of a statute practically identical in terms with section 30 were under consideration, and it was held that the tax did not become a lien upon the property bequeathed until the time when it became due and payable by the executor, and he was required to list the property for taxation. In the previous case of Clapp v. Mason, 94 U. S. 594, 24 L. Ed. 212, the statute under consideration made a succession tax a lien "from the time such tax shall become due and payable," and the question was whether previous to this time the suc-

cession was taxable or liable to be assessed, and the same conclusion was reached; and the court used this language: "It is manifest that the right does not accrue until the duty can be demanded; that is, when it was made payable." In both of these cases the court decided that a repeal of the taxing act, but saving its provisions for enforcing the taxes "assessed or liable to be assessed," and "the right to which has already accrued, or which may hereafter accrue," divested the government of any claim for taxes which had not become payable when the repealing act took effect. These decisions are decisive in the present case. By the original section 30 the tax did not become payable until the time of making payment and distribution to the legatees, but by the amendment of 1901 it became payable one year after the death of the testator. As one year had not elapsed since the death of the testator when the repealing act took effect, the obligation of the executor to make payment or render a list had not accrued, and no lien could attach.

The judgment is affirmed.