## UNITED STATES v. MARION TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1906.)

### No. 1,177.

INTERNAL REVENUE—LEGACY TAX—CONSTRUCTION OF REPEALING ACT.

The legacy or inheritance tax provided for by section 29 of the war revenue act of June 13, 1898 (30 Stat. 464, c. 448 [U. S. Comp. St. 1901, p. 2308]), being an ad valorem tax, was not "imposed," within the meaning of the saving clause of the repealing Act April 12, 1902, c. 500, 32 Stat. 97, § 8 [U. S. Comp. St. Supp. 1905, p. 447], until its assessment, and where an intestate died while the act was in force and more than one year before its repeal, but owing to a dispute as to the heirship and the pendency of unsettled claims the estate did not become distributable nor the tax ascertainable until after the repealing act took effect, it is not subject to the tax.

Error to the District Court of the United States for the District of Indiana.

Jesse M. La Follette, for the United States.
Morris M. Townley, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. Section 29 of the Act of June 13th, 1898 (30 Stat. 464, c. 448 [U. S. Comp. St. 1901, p. 2308]), known as the War Revenue Act, makes subject to duty or tax, any executor, administrator, or other person having in charge or trust, any legacy or distributive share arising from personal property, exceeding the sum of ten thousand dollars, passing, after the passage of that act, from any person possessed of such property, either by will or intestate law, to any person—the tax being graduated according to the amount of the property thus passing, and the degree of consanguinity of the person to whom it passes.

April 12th, 1902, this act (32 Stat. 97, c. 500, § 8 [U. S. Comp. St. Supp. 1905, p. 447]) was repealed, the repealing act containing a saving clause to the effect, that all taxes or duties imposed by the previous act should be a lien and charge subject, as to lien, charge, collection and otherwise, to the provisions of Section 30 of the Act repealed; the provision of Section 30 being that such tax or duty should be a lien and charge upon the property of every person dying as aforesaid, for twenty years, or until the same, within that period, should be fully paid.

The action in the court below was by plaintiff in error against the defendant in error, administrator of the estate of one Mason J. Osgood, to recover the tax laid under this War Revenue law of 1898. Osgood died intestate September 10th, 1900, two years after the act was passed, and two years before it was repealed. But owing to a dispute between certain persons who claimed to be his heirs, and to the pendency of certain unsettled claims against the estate, the estate remained in process of administration, and was not distributed until after the repealing act. And pending administration, no effort was made by the government to assess the tax upon the estate.

The sole question thus presented is whether, prior to the repealing act of 1902, a tax or duty under the act of 1898 had been "imposed" upon the distributive shares in process of "passing" from the intestate to the heirs; the contention of the government being that the tax is upon the "passing of the property"—the whole chain that from death to distribution, as an entirety, vests the heirs with the property of which the intestate died seized—and that, though not payable, the tax accrues—is already "imposed"—the moment such "passing" begins. The defendant in error, on the contrary, contends that the subject of taxation is the distribution of the estate to the beneficiaries —the passing of the estate out of the hands of the administrator to the beneficiaries; so that no tax is imposable until the event of distribution arrives.

The statute fails to identify without ambiguity, the thing to be taxed. We must go for light, therefore, to some of the collateral considerations. One of these, and in our judgment a determinative one, is that the tax provided for is ad valorem as distinguished from being specific, and that an ad valorem tax is imposed only by assessment— an assessment being prerequisite to the existence of the tax, "the first step in the proceedings against individual subjects of taxation." 1 Cooley, Taxation (3d Ed.) 597. But until the estate is ready to pass, without diminution, to the heir, no assessment can take place. Until the administration is in such condition that the heir is in a position to take, the thing to be taxed is not definitely knowable—the tax itself is not determinable. True an estate likely to eventuate in distribution, becomes prospectively the subject of taxation under the War Revenue Act. But obviously it is not on a mere prospect, a thing coming, that the duty was intended to be laid. Obviously the duty was intended to be laid on a thing already at hand—on a thing that can be measured, and in that way assessed. And this leads to the conclusion that at the time the War Revenue Act was repealed, no tax had been imposed upon the distributive share under consideration.

The judgment of the Circuit Court is affirmed.