## GILL v. AUSTIN.

(Circuit Court of Appeals, First Circuit. November 21, 1907.)

### No. 662.

COURTS—CIRCUIT COURTS OF APPEALS—RULES OF DECISION AS BETWEEN TWO CIRCUIT COURTS OF APPEALS IN DIFFERENT CIRCUITS.

In accordance with the practice in this circuit to follow the decisions of other Circuit Courts of Appeals whenever they may properly form a precedent, Eidman v. Tilghman, 136 Fed. 141, is followed on a question of the construction of the statutes with reference to the war revenue tax on legacies.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 327, 328.]

In Error to the Circuit Court of the United States for the District of Massachusetts.

William H. Garland, Asst. U. S. Atty. (Asa P. French, U. S. Atty., and J. C. McReynolds, Special Asst. Atty. Gen., on the brief), for plaintiff in error.

James W. Austin and Francis C. Welch, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This writ of error involves the same question of statutory construction with reference to the war revenue tax on legacies which was passed on adversely to the United States by the Circuit Court of Appeals in the Second Circuit in Eidman v. Tilghman, 136 Fed. 141, 69 C. C. A. 139, decided on February 24, 1905. It is true there is another question involved here, whether or not the legacy on which the tax was assessed ever became effectual; but that we can pass by. Eidman v. Tilghman was affirmed by a divided court in 203 U. S. 580, 27 Sup. Ct. 779, 51 L. Ed. 326. It is also said that the same question was decided against the United States by the Circuit Courts of Appeals for the Third Circuit (McCoach v. Philadelphia Trust, Safe Deposit & Ins. Co., 142 Fed. 120)[1] and the Seventh Circuit (United States v. Marion Trust Co., 143 Fed. 301, 74 C. C. A. 439); also by a divided court in McCoach v. Norris, 205 U. S. 539, 27 Sup.

[1] 73 C. C. A. 610.

Ct. 793, 51 L. Ed. 921. Inasmuch as all these decisions were against the United States, we have not had occasion to verify what is claimed with reference to those in the Third and Seventh Circuits. The judgment of the Circuit Court now brought before us for review was in harmony with the result in Eidman v. Tilghman. Under the circumstances, it seems of no advantage for us to express any opinion, and, perhaps, it would be presuming for us to do so. It is enough that we refer to our practice, as stated many times, with reference to our disposition to follow decisions of the Circuit Courts of Appeals in other circuits whenever they can form a precedent. In accordance with that practice, we hold that the United States cannot prevail.

The judgment of the Circuit Court is affirmed.