## CONANT et al. v. KINNEY.

(Circuit Court, D. Rhode Island. June 24, 1908.)

No. 2,829, Law.

INTERNAL REVENUE—SUIT TO RECOVER TAXES PAID—INTEREST.

The facts that an internal revenue collector is required by Rev. St. § 3210 (U. S. Comp. St. 1901, p. 2082), to pay all taxes collected into the treasury daily, and that provision is made by sections 989 and 3220 (U. S. Comp. St. 1901, pp. 708, 2086), for paying judgments recovered against a collector out of the treasury, do not make a suit against a collector to recover judgment for the amount of a legacy tax illegally exacted and paid under protest one against the United States, so as to preclude the recovery of interest, and interest is recoverable in such case from the date of the payment.

Edwards & Angell and Frank H. Swan, for plaintiffs.
C. A. Wilson, U. S. Atty., for defendant.

BROWN, District Judge. This is an action against the collector for the recovery of a legacy tax paid under protest.

The demurrer of the defendant was overruled by opinion of this court filed March 23, 1908, following the decision of the Circuit Court of Appeals for this circuit in Gill v. Austin, 157 Fed. 234, 84 C. C. A. 677. The question is now raised whether the judgment should be for the amount of the tax paid under protest, without interest, or whether plaintiff is entitled to interest, and, if so, whether from the date of the payment of the tax, March 31, 1904, or from September 14, 1905, six months after the date of the filing of plaintiff's appeal.

For the United States it is contended that the suit is in legal effect a suit against the United States. In support of this contention reference is made to section 3210 of the Revised Statutes (U. S. Comp. St. 1901, p. 2082), which relates to the payment of taxes into the treasury; also, to Philadelphia v. Collector, 5 Wall. 720–733, 18 L. Ed. 614, and Com'rs v. Buckner (C. C.) 48 Fed. 533.

The plaintiff relies upon Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63 (cited in Schell v. Cochran, 107 U. S. 626, 2 Sup. Ct. 827, 27 L. Ed. 543), as exactly in point. The plaintiff also refers to United States v. Sherman, 98 U. S. 565, 25 L. Ed. 235.

In reference to the certificate of probable cause, which prevents the issuance of execution against the collector, the court said, in United States v. Sherman:

"When the certificate is given, the claim of the plaintiff in the suit is practically converted into a claim against the government, but not until then. Before that time the government is under no obligation, and the Secretary of the Treasury is not at liberty to pay. When the obligation arises it is an obligation to pay the amount recovered; that is, the amount for which judgment has been given."

In Clapp v. Mason, 94 U. S. 589, 24 L. Ed. 212, a judgment with interest was affirmed.

It is stated by counsel for the plaintiff that in Gill v. Austin, 157 Fed. 234, 84 C. C. A. 677, interest was allowed from the date of the exaction of the tax. Counsel for the United States argues that section 3220 of the Revised Statutes (U. S. Comp. St. 1901, p. 2086), contains no provision for the payment of interest upon the refund. The following language, however, seems broad enough to cover interest:

"Also to repay to any collector or deputy collector the full amount of such sums of money as may be recovered against him in any court for any internal taxes collected by him, with the costs and expenses of suit, also all damages and costs recovered against any assessor, assistant assessor, collector, deputy collector or inspector, in any suit brought against him by reason of anything done in the performance of his official duty."

The opinion in Com'rs v. Buckner (C. C.) 48 Fed. 533, at page 542, contains the following remark by the learned judge:

"I am inclined to the opinion that the law as announced in Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63, has been somewhat modified as to interest on taxes illegally collected. See United States v. Bayard, 127 U. S. 260, 8 Sup. Ct. 1156, 32 L. Ed. 159; Stuart v. Barnes (C. C.) 43 Fed. 281."

United States v. Bayard does not seem to me to be at all in point. There the claim was strictly a claim against the United States; here

the claim is against the collector, for a tax collected by him without legal authority. The provision of section 989, that a certificate of probable cause may be given by the court to prevent the issue of execution against the collector, shows the intention of Congress to relieve the collector, not of individual liability to judgment, but merely from the execution which would follow according to ordinary legal procedure.

That the statute requires the collector to pay into the treasury moneys received by him for taxes, and that provision is made for paying judgments against the collector out of the treasury, is, in my opinion, insufficient to convert a suit against the collector into a claim against the United States so as to preclude the right to interest. I am further of the opinion that the general rule as laid down in Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63, that interest is payable from the date of the exaction of the tax, is the true rule and is supported by the weight of authority.

Judgment may be entered for the sum of $108,061.78, with interest at the rate of 6 per cent. per annum from March 31, 1904, to the date of entry of judgment.