### KINNEY, Collector, v. CONANT et al.

(Circuit Court of Appeals, First Circuit.  January 19, 1909.)

#### No. 796.

1. APPEAL AND ERROR (§ 1123*)—RULES OF DECISION.

The rule applied that affirmances by the federal Supreme Court, by reason of the court being equally divided, settle no principle of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4427; Dec. Dig. § 1123.*]

2. COURTS (§ 96*)—FEDERAL COURTS—RULES OF DECISION.

The rule repeated that the Circuit Court of Appeals for the First Circuit will follow decisions of the Circuit Courts of Appeals in other circuits whenever they can form a precedent, unless under especially exceptional circumstances; and this practice followed with reference to Westhus v. Union Trust Co., 164 Fed. 795, decided in the Eighth circuit, relating to the liability of a collector for a legacy tax paid under protest, which, if followed, would involve a conflict of results for which there would be no remedy.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 327; Dec. Dig. § 96.*]

3. INTERNAL REVENUE (§ 38*)—UNITED STATES (§ 125*)—ACTION AGAINST.

Notwithstanding Rev. St. §§ 989, 3210, 3220, 3226 (U. S. Comp. St. 1901, pp. 708, 2082, 2086, 2088), requiring a collecting officer to immediately pay over gross collections to the treasury of the United States, and declaring that a certificate of probable cause shall protect him against execution, so that a judgment against him in a suit to recover inheritance taxes paid under protest will in fact be paid out of the United States treasury, the suit does not thereby become a suit in form against the United States, and hence the successful claimant may recover interest.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 38;* United States, Dec. Dig. § 125.*]

In Error to the Circuit Court of the United States for the District of Rhode Island.

For opinion below, see 162 Fed. 581.

Charles A. Wilson, U. S. Atty., and George H. Huddy, Jr., Asst. U. S. Atty., for plaintiff in error.

Frank H. Swan (Stephen O. Edwards, Walter F. Angell, and Edwards & Angell, on the briefs), for defendants in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge.  Like Gill v. Austin, 157 Fed. 234, 84 C. C. A. 677, decided on November 21, 1907, by this court, this is a suit against the collector of internal revenue for an alleged inheritance tax paid under protest.  We are asked to review and reverse our decision in that case on the representation of the plaintiff in error that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conclusion by the Circuit Court of Appeals for the Eighth Circuit was in favor of the collector on similar facts in Westhus v. Union Trust Company (decided on November 4, 1908) 164 Fed. 795. In Gill v. Austin we proceeded on the well-settled rules in this circuit in regard to following the decisions of the Circuit Courts of Appeals in other circuits unless under especially exceptional circumstances. The condition resulting from the interpretation of the decision of the Circuit Court of Appeals for the Eighth Circuit relied on by the collector would involve such a conflict of results, for which, with the attitude of the Supreme Court explained in Gill v. Austin, there seems no remedy, as to forcibly illustrate the wisdom of our practice.

The condition now is that the Circuit Court of Appeals for the Second Circuit, the Circuit Court of Appeals for the Third Circuit, the Circuit Court of Appeals for the Seventh Circuit, and this court are in harmony. Gill v. Austin, 157 Fed. 234, 84 C. C. A. 677; Eidman v. Tillman, 136 Fed. 141, 69 C. C. A. 139; Philadelphia Trust Company v. McCoach (C. C.) 135 Fed. 866; United States v. Marion Trust Company, 143 Fed. 301, 74 C. C. A. 439. Also, while it is true that the affirmances by the Supreme Court by reason of the court being evenly divided, as shown in Gill v. Austin, do not strictly settle any principle of law (Etting v. United States Bank, 11 Wheat. 59, 78, 6 L. Ed. 419), nevertheless, the decisions of the several Circuit Courts of Appeals receive a certain moral support from the fact that the Supreme Court has not been able to reverse them, although twice applied to in that respect, the effect of which we cannot escape. The result is that we stand to Gill v. Austin.

Interest was allowed in Gill v. Austin, but no issue was made in reference thereto. Interest was allowed here in the Circuit Court against the objection of the defendant; and he, as the plaintiff in error, renews the issue before us. Interest has been allowed in these suits apparently without objection until now. Clapp v. Mason, 94 U. S. 589, 24 L. Ed. 212. Interest was allowed when the proceedings were according to the common law, and when, under the rules of the common law, suits were brought against officers of the United States authorized to collect taxes, to whom they had been paid under protest. But the plaintiff in error maintains that under the present statutory system, represented by sections 989, 3210, 3220, and 3226 of the Revised Statutes (U. S. Comp. St. 1901, pp. 708, 2082, 2086, 2088), by virtue of which the collecting officer immediately pays over the gross collections to the treasury of the United States, and a certificate of probable cause protects him against execution, so that judgment is paid out of the treasury of the United States, a suit of this character is in substance against the United States. However it is not in form against the United States, and no court has ever decided that there is any rule against the allowance of interest, except where the suit is formally of that character. The rule denying interest is a hard one, and mere matters of form or fiction are sufficient to evade it, as frequently happens at the common law under analogous conditions. Moreover, the matter was apparently settled in Erskine v. Van Arsdale, 15 Wall. 75, 77, 21 L. Ed. 63, which case arose and was decided

166 F.—46

after the statutory system on which the plaintiff in error relies was established, as is evident, because it depended on an act passed in 1867 (Act March 2, 1867, 14 Stat. 471, c. 169). It is true that the court states at page 77 of 15 Wall. (21 L. Ed. 63) that the point was not contested; nevertheless, as due consideration was given to it, the ruling was not a dictum. In Schell v. Cochran, 107 U. S. 625, 2 Sup. Ct. 827, 27 L. Ed. 543, it was held that the rule of the Supreme Court allowing interest on a writ of error applied in a case of this character. We find nothing which changes the practice as it existed at common law.

The judgment of the Circuit Court is affirmed, with interest.