NATIONAL HOME FOR DISABLED VOLUNTEER SOLDIERS et al.
v. PARRISH.

(Circuit Court of Appeals, Sixth Circuit. April 2, 1912.)

No. 2,186.

1. UNITED STATES (§ 110*)—RIGHT TO ALLOWANCE—CLAIMS AGAINST GOVERNMENT—INTEREST.

Generally interest is not allowable on claims against the United States or against a state unless the government has stipulated to pay interest, or interest is given by express statutory provision.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 93; Dec. Dig. § 110.*]

2. INTEREST (§ 13*)—RIGHT TO ALLOWANCE.

Against debtors generally, interest is awarded, not only by virtue of contract therefor, express or implied, but, under proper circumstances and in the exercise of a proper discretion, as compensation for delay or default of the debtor.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 25; Dec. Dig. § 13.*]

3 ARMY AND NAVY (§ 52*)—SOLDIERS' HOME—INTEREST ON CLAIM.

Under a cross-bill against the National Home for Disabled Volunteer Soldiers, which was incorporated under Act Cong. March 21, 1866, c. 21, 14 Stat. 10, and acts amendatory thereto (Rev. St. § 4825 [U. S. Comp. St. 1901, p. 3337]), with power to sue and be sued, etc., by which damages were sought and recovered for default of the Home under a building contract, which the latter was authorized to make, interest upon the recovery is allowable against the Home.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 100–102; Dec. Dig. § 52.*]

4. ARMY AND NAVY (§ 52*)—SOLDIERS' HOME—ACTION—COSTS.

Under Rev. St. § 1001 (U. S. Comp. St. 1901, p. 713), and Circuit Court of Appeals rule No. 31 (150 Fed. xxxv, 79 C. C. A. xxxv), an affirmance of a decree on a cross-complaint against the National Home for Disabled Volunteer Soldiers should be made without costs on appeal, where the appeal was taken by direction of the federal department of justice.

[Ed. Note.—For other cases, see Army and Navy, Cent. Dig. §§ 100–102; Dec. Dig. § 52.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

Action by the National Home for Disabled Volunteer Soldiers and another against J. E. Parrish. From the judgment, plaintiffs appeal. Affirmed.

Samuel C. Williams, for appellants.

Shields, Cates & Mountcastle and Harr & Burrow, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. The National Home for Disabled Volunteer Soldiers is incorporated under congressional act of March 21, 1866 (14 Stat. 10, c. 21), and the acts amendatory thereto (Rev. Stat. § 4825 [U. S. Comp. St. 1901, p. 3337]). By act of January 28, 1901 (31 Stat. c. 184, p. 745), the board of managers of the Home was authorized to purchase grounds and erect buildings for what is now called the Mountain Branch of the Home, near Johnson City, Tenn.; an appropriation being made for the purpose. On November 19, 1901, the Home, through its general treasurer, contracted with the appellee for the construction of a group of buildings for this Mountain Branch of the Home. After the construction was partly performed, the Home annulled the contract for failure of the contractor to fulfill its terms, and the buildings were completed by the Home authorities. Under proceedings in equity instituted by the Home and its General Treasurer (cross-bill being filed by the appellee), the conflicting claims and equities of the parties growing out of the contract and the proceedings thereunder, including the completion of the buildings by the Home authorities, were fully tried out, with the result that appellee was, by final decree, held entitled to recover against the Home the net amount of $21,139.12, after allowing in the latter's favor the payments made to appellee, the expense of completing the buildings, and deductions on account of defects and omissions. To this sum was added interest from February 15, 1904, the date when (as stated in the decree) "the Home went into complete possession of said property, using and enjoying the same for its purposes." In an opinion filed as basis for the final decree the presiding judge stated that the Home "had in its hands, at the time of annulment, reserved percentages, on its own estimate of work previously done, aggregating $23,353, or more than the principal sum now found to be due Parrish [appellee] on the basis of the accounting." The errors assigned challenge only the award of interest.

[1] The general rule is well settled that interest is not allowed on claims against the United States, or against a state, unless either the government has stipulated to pay interest, or such interest is given by express statutory provision. Gordon v. United States, 7 Wall. 188, 19 L. Ed. 35; Angarica v. Bayard, 127 U. S. 251, 260, 8 Sup. Ct. 1156, 32 L. Ed. 159; United States v. North Carolina, 136 U. S. 211, 216, 217, 10 Sup. Ct. 920, 34 L. Ed. 336; South Dakota v. North Carolina, 192 U. S. 286, 321, 24 Sup. Ct. 269, 48 L. Ed. 448; Bledsoe v. State, 64 N. C. 392, 397. And by express statute such is the rule (as to in-

terest before judgment) in suits against the United States in the Court of Claims and in the District and Circuit Courts of the United States under the Tucker act (Rev. Stat. § 1091 [U. S. Comp. St. 1901, p. 747]; Tillson v. United States, 100 U. S. 43, 47, 25 L. Ed. 543; Harvey v. United States, 113 U. S. 243, 248, 249, 5 Sup. Ct. 465, 28 L. Ed. 987).

[2] This suit is not in form against the United States. Appellants insist, however, that it is such in substance; that the National Home is but an agency of the federal government; that the corporation known as the National Home for Disabled Volunteer Soldiers is organized merely as a means of carrying out the eleemosynary purposes of the United States in caring for its disabled soldiers; that the activities of the Home are thus those of the general government; and that, as any recovery against the Home can in fact be paid only through congressional appropriation, the situation is to all practical intents the same as if the decree were rendered directly against the United States. We think the Home is, in a proper sense, an administrative agency of the federal government. Ohio v. Thomas, 173 U. S. 276, 19 Sup. Ct. 453, 43 L. Ed. 699; Overholser v. National Home, 68 Ohio St. 236, 67 N. E. 487, 62 L. R. A. 936, 96 Am. St. Rep. 658. The Circuit Court expressed the opinion that, as the "suit is not against the government directly, the strict rule of law forbidding the allowance of interest is not applicable, but that, as it is a suit against a national home as a governmental agency, in reference to a matter as to which it is specifically authorized to contract, interest may be allowed against it, as against any other litigant, upon equitable terms."

Whether, apart from the statutory authority given the Home to make contracts, and the power to sue and to be sued (to which we shall later refer), the case is taken out of the rule of nonliability for interest, from the mere fact that the suit is not directly against the United States, we do not find it necessary to determine; nor did the learned judge who presided below decide that question. It is to be noted, however, that no case has been cited, nor has any been found by us, in which the rule of nonliability to interest has been applied elsewhere than in a proceeding directly against the government, state or national, or one in which payment directly from the national or state treasury was sought. The case of Bledsoe v. State, supra, which was cited with approval in United States v. North Carolina, supra, and on which case appellants place great reliance, is not strongly in point. In that case, although the claims under consideration were for supplies furnished the State Asylum, they were under express constitutional provision audited by the court as claims against the state. The fact that the action of the court was only recommendatory to the Legislature is not important. It is further to be noted that in suits against collectors to recover moneys paid under protest, even though the recovery is by express statute payable directly from the United States treasury, upon certificate of probable cause, recovery of interest is allowed (Erskine v. Van Arsdale, 15 Wall. 75, 77, 21 L. Ed. 63; Kinney v. Conant [C. C. A. 1] 166 Fed. 720, 721, 92 C.

C. A. 410; Treat v. Farmers' Loan & Trust Co. [C. C. A. 2] 185 Fed.. 760, 108 C. C. A. 98); interest having, however, been denied in Redfield v. Ystalyfera Iron Co., 110 U. S. 174, 176, 3 Sup. Ct. 570, 28 L. Ed. 109, on the ground of plaintiff's laches, and in Redfield v. Bartels, 139 U. S. 694, 703, 11 Sup. Ct. 683, 35 L. Ed. 310, allowed, under the peculiar facts of that case, only from the commencement of suit. But the act incorporating the Home gave the board of managers—

'perpetual succession, with powers to take, hold, and convey real and personal property, establish a common seal, and to sue and be sued in courts of law and equity; and to make by-laws, rules, and regulations, not inconsistent with law, for carrying on the business and government of the Home, and to affix penalties thereto."

Appellants urge, however, that this statutory subjection to suit does not make the Home liable to a recovery which the United States would not be liable to under a similar statute; that the law merely imposes a liability to suit, as distinguished from a liability in suit. In support of this contention, reliance is had upon cases such as Overholzer v. National Home, supra; Maia v. Eastern Hospital, 97 Va. 507, 34 S. E. 617, 47 L. R. A. 577; Moody v. State Prison, 128 N. C. 12, 38 S. E. 131, 53 L. R. A. 855; Lyle v. National Home (C. C.) 170 Fed. 842, which hold that administrative government agencies, state or federal, are not liable to actions for torts arising through the negligence or misconduct of the officers of such institutions. These decisions seem to rest largely upon the proposition that statutes imposing power and liability to sue and to be sued relate to such matters only as are within the corporate powers of the defendant sued. But in the case before us the board of managers was expressly authorized to erect the buildings in question, and by necessary implication to make contracts therefor. The contract on which recovery has been had was clearly within the statutory authority given the Home. It is true that the statute did not expressly authorize the awarding of interest, in case of default on the part of the Home in performing such contract. But it did of necessity impose liability for damages for breach of the contract.

[3] Against debtors generally, interest is awarded, not only by virtue of contract therefor, express or implied, but, under proper circumstances and in the exercise of a proper discretion, as compensation for delay or default of the debtor. United States v. Sherman, 98 U. S. 565, 567, 25 L. Ed. 235; Treat v. Farmers' Loan & Trust Co., supra, at pages 760, 764, of 185 Fed., 108 C. C. A. 98. The ground for refusal to allow interest against the government is that "delay or default cannot be attributed to the government. It is presumed to be always ready to pay its debts." United States v. Sherman, supra, at pages 567, 568, of 98 U. S., 25 L. Ed. 235; Erskine v. Van Arsdale, supra, at page 77 of 15 Wall., 21 L. Ed. 63. We are cited to no authority, and we have found none, holding that such presumption applies in favor of a governmental agency such as the Home in question. Appellants urge that controlling analogies are suggested by decisions denying the application of the statute of limitations to suits by such governmental institutions (Eastern State Hospital v. Graves' Com-

mittee, 105 Va. 151, 52 S. E. 837, 3 L. R. A. (N. S.) 746, 8 Ann. Cas. 701), denying liability of buildings under construction as governmental institutions to the provisions of mechanics' lien statutes (Phillips v. University, 97 Va. 472, 34 S. E. 66, 47 L. R. A. 284), and denying liability to taxation of property held in trust for a state (Auditor General v. Regents, 83 Mich. 467, 47 N. W. 440, 10 L. R. A. 376). But in our opinion such analogies are not complete. The statute incorporating the Home, construed in connection with the act providing for the erection of the buildings, made the Home liable in suit to damages for noncompliance with its contract. While the question is not free from difficulty, nor its solution entirely clear, we think the liability imposed by these statutory provisions included by natural implication the usual elements of applicable damage, including interest, in a proper case and in the exercise of a proper discretion, for delay and default in performance. The fact of the omission from the statutes referred to of any provision for exemption from interest, as is expressly contained in the Tucker act relating to suits directly against the United States, is, we think, significant. Had Congress intended the claimed immunity, it would seem natural to have so declared. That the case presented is a proper one for the allowance of interest (if allowable under any circumstances, against a governmental agency) is clear. As said by the presiding judge below:

"It [the Home] obtained possession of the buildings shortly after the annulment, and the buildings were completed, as reported by the master, and agreed by counsel at bar, on or before February 15, 1904, since which time it has been in complete possession of the property, using and enjoying the same for its charitable purposes."

As already said, interest was awarded only from February 15, 1904, and an award of principal and interest combined will, as said by the trial judge, "result in an aggregate decree for less than the reasonable value of the property which it [the Home] obtained at the annulment, as otherwise fixed on a quantum meruit basis."

[4] We think the decree of the Circuit Court is right, and should be affirmed, but without costs of this court, as the appeal was taken by direction of the department of justice of the United States government. Rev. Stat. § 1001 (U. S. Comp. St. 1901, p. 713); C. C. A. Rule No. 31 (150 Fed. xxxv, 79 C. C. A. xxxv); Treat v. Farmers' Loan & Trust Co. (C. C. A. 2) 185 Fed. 760, 763, 765, 108 C. C. A. 98.