TITLE GUARANTEE & TRUST CO. et al. v. WARD, Collector.

(Circuit Court of Appeals, Second Circuit.   January 9, 1911.)

No. 107.

1. INTERNAL REVENUE (§ 8*)—LEGACY TAXES—CONSTRUCTION OF REPEALING ACT—"IMPOSED."

Within the meaning of Act April 12, 1902, c. 500, § 7, 32 Stat. 97 (U. S. Comp. St. Supp. 1909, p. 876), repealing War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307), which provided for legacy taxes "to become due and payable in one year after the death of the testator," but excepting from its operation all taxes "imposed" by said section 29 prior to the taking effect of the repealing act, on July 1, 1902, a tax was "imposed" one year after the death of a testator and where such year expired prior to July 1, 1898, the tax was collectible although not assessed until after such date.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 4, p. 3440.]

2. INTERNAL REVENUE (§ 8*)—LEGACY TAXES—VESTED LEGACY.

Where a testator who died March 31, 1901, devised and bequeathed his residuary estate to trustees, with directions to set aside sufficient property to produce a certain income to be paid to his widow during her life, and to pay over one-fourth of the remaining income, after reserving a part to pay certain incumbrances, to each of his four children, or in the event of the death of either to his or her heirs or devisees, the corpus of the estate after the death of the widow, and the termination of the trust to be divided between such children or their heirs or devisees, each child took a vested estate at once in possession or enjoyment in one-fourth part of the residuary estate except the portion to be set apart for the benefit of the widow, and in such portion on her death, and where that event occurred prior to July 1, 1902, their entire interests were subject to the legacy taxes imposed by War Revenue Act June 13, 1898, c. 448, § 29, 30 Stat. 464 (U. S. Comp. St. 1901, p. 2307).

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 8.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Northern District of New York.

Action by the Title Guarantee & Trust Company and others, as executors of the will of James J. McComb, deceased, against John G. Ward, Collector of Internal Revenue. Judgment for defendant (164 Fed. 459), and plaintiffs bring error. Affirmed.

This cause comes here to review a judgment in favor of defendant in error who was defendant below. The action was brought by the Trust Company and others as executors of the will of James J. McComb to recover the sum of $68,572.90 which had been paid to John G. Ward, Collector of Internal Revenue, as a tax upon legacies bequeathed to certain legatees by said will, under sections 29, 30, War Revenue Act June 13, 1908, c. 448, 30 Stat. 464, 465 (U. S. Comp. St. 1901, pp. 2307, 2308), and $4,800.10 interest thereon. Plaintiff recovered judgment for $12,199.85. The defendant does not question the amount of this recovery, but plaintiffs, contending that the recovery should be. larger, have brought the decision here for review. The facts and figures will be found quite fully stated in the Circuit Court opinion. 164 Fed. 459. The relevant provisions of the will are as follows:

"Fifteenth.—All the rest, residue and remainder of my estate of what kind soever, whether real or personal, and wheresoever situated, I give, devise and bequeath to my executors and trustees and to their successors, in trust to hold, invest, maintain and manage during the lives of those two of my children who, surviving me, shall be the youngest of my children at the time of my death, and for such time thereafter, if any, as may be permissible by and under the laws of the State of New York upon the trusts and the purpose stated below, to wit:

"1st. To raise and set aside such sums as may be required and may not otherwise have been provided to secure and meet the payments directed in the preceding clauses of this my will, and to make such payments in accordance with the terms of said will.

"2nd. To set aside and separately invest sums sufficient to insure an annual income of twelve thousand dollars and to pay such income in monthly, semi-monthly or quarterly instalments as she may request to my wife, Mary Esther McComb, during her life, and upon her death to dispose of said sum as is hereinafter directed in respect to the principal of my residuary estate.

"3rd. From the income of said residuary estate not otherwise disposed of, to pay the sum of six thousand dollars per annum, in semi-annual or quarterly instalments, to each one of my four children, to wit: Mary Alice, Fanny Rayne, Lillie and Jennings Scott, to apply the remainder of said income during the continuance of this trust to the payment and satisfaction of all liens or mortgages upon the aforesaid Central Park Apartment Buildings until all said liens and mortgages shall have been paid off and satisfied, and then to divide the said remaining income equally among and pay the same in equal. parts to my four children above mentioned, paying to the issue or devisee of any child dying before the termination of said trust, the parent's share and distributing equally ,among the surviving children the share of any who may have died without issue and intestate.

"4th. Upon the termination of said trust, to pay and satisfy any liens or mortgages upon said Central Park Apartment Buildings then remaining unpaid, and thereupon to pay, transfer and convey said residuary estate in equal parts, share and share alike, to my said children above named, or to their respective heirs, legatees, devisees, next of kin, executors, administrators or assigns.

"It is my desire that the Central Park Apartment Buildings shall continue to be held as one property and in the name of my family so long as practicable and I therefore request my children to agree among themselves to such distribution of my residuary estate as will leave my son, Jennings Scott, should he .survive said trusts, in possession of said buildings as owner thereof, but I do not make this request a peremptory direction, nor do I intend hereby to disturb the equality of division among my children.

"Should the trusts of this article of my will terminate while any one of my children is less than forty years of age, I direct my executors and trustees, if the laws of the State of New York permit them to do so, to defer the payment of one-half the principal share of any of my children under such age in such way that a final payment of one-half said share will be made when the beneficiary attains the age of forty years.

"It is my will and I direct that interest on all the legacies and bequests made by this my will, shall commence at and be reckoned from the time of my death."

The widow survived the testator only a few months, and the clauses referring to the Central Park Apartment Buildings were held void by the state courts. The clauses concerned with the four children are, therefore, the only ones left for consideration.

George A. Strong, for plaintiffs in error.
George B. Curtiss, U. S. Atty., for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The testator died March 31, 1901, the repealing act of 1902 (Act April 12, 1902, c. 500, § 7, 32 Stat. 97 [U. S. Comp. St. Supp. 1909, p. 876]), was passed April 12th, and by its terms took effect July 1st of that year. The tax was assessed September 1, 1902. The act of 1902 saved "all taxes or duties imposed by section 29 of the act of June 13, 1898, and amendments thereof, prior to the taking effect of this act." Plaintiffs contend that this tax was not "imposed" within the meaning of the act of 1902 until it was levied and assessed on September 1, 1902, and that therefore the tax is not within the saving clause of the repealing act. This contention has been disposed of adversely by this court in Eidman v. Tilghman, 136 Fed. 141, 69 C. C. A. 139, and by the Supreme Court in Hertz v. Woodman (opinion filed July 1, 1910) 218 U. S. 205, 30 Sup. Ct. 621, 54 L. Ed. 1001. This point is here referred to because it is not specifically disposed of in the exhaustive opinion of Judge Ray.

With the views expressed in that opinion we fully concur. The present case is readily differentiated from those relied upon by plaintiffs in the circumstance that the children of this testator are given their respective shares absolutely. They and they only have power to dispose, each of her share, having that power over the corpus, and in the meantime the enjoyment of the income. They may fairly be held to have each a vested estate of which she has the enjoyment. We are not persuaded by the argument that the statute requires both possession *and* enjoyment as essential to liability for this tax.

The judgment is affirmed.