NORWICH UNION FIRE INS. SOCIETY v. STANTON et al.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

No. 70.

1. INSURANCE (§ 421*)—CONSTRUCTION OF CONTRACT—LOSS OCCASIONED BY OR THROUGH EARTHQUAKE.

A clause in a fire insurance policy providing that the insurer should not be liable "for loss caused directly or indirectly by invasion, * * * or for loss or damage occasioned by or through * * * earthquake," does not exempt the company from liability for a loss caused by fire alone, although such fire spread from other property, in which it was directly caused by an earthquake.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1126–1143; Dec. Dig. § 421.*]

2. COURTS (§ 96*)—RULES OF DECISION—DECISIONS OF CO-ORDINATE FEDERAL COURTS—"COMITY."

A federal court is warranted by the rule of "comity" in following a decision of a co-ordinate court of another circuit on a question of law, where it has no clear conviction that such decision is erroneous.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 325–328; Dec. Dig. § 96.*

Decisions of federal courts as authority in other co-ordinate courts, see note to F. B. Vandegrift & Co. v. United States, 97 C. C. A. 472.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Southern District of New York.

Action at law by Caroline R. Stanton and Henry E. Ide, as executors, against the Norwich Union Fire Insurance Society. Judgment for plaintiffs, and defendant brings error. Affirmed.

This cause comes here upon appeal from a judgment in favor of defendants in error, who were plaintiffs below. The action was brought upon a policy of fire insurance for loss sustained, and verdict was directed in favor of plaintiffs.

Joseph H. Choate, Jr. (T. C. Van ·Ness, Roy T. Strahan, James Garretson, and Joseph H. Choate, of counsel), for plaintiff in error.

Robert T. Oliver (William N. Cohen and Mayer L. Halff, of counsel), for defendants in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The insured premises were situated in the city of San Francisco. On the morning of April 18, 1906, prior to 8 a. m., the earthquake occurred, which produced such widespread destruction. The shock, or successive shocks, did not apparently injure plaintiff's property,. but by upsetting stoves, breaking electric circuit wires, and in other ways the earthquake immediately and directly caused a number of fires to start in other buildings, more or less remote, to the north and to the west of plaintiff's building. In the course of some hours these fires, being unchecked, spread in one uninterrupted conflagration to said building and destroyed it and its contents.

[1] The single question presented is whether, under these circumstances, the loss is within the exceptions of the policy, and the insurance company for that reason not liable. The particular clause upon which defendant relies reads as follows:

"This society shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority or for loss or damage occasioned by or through any volcano, earthquake, or hurricane, or other eruption, convulsion or disturbance, or by theft, or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises, or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific. agreement hereon."

The United States Circuit Court of Appeals for the Ninth Circuit had the same question before it in Williamsburgh City Fire Insurance Company v. Willard, 164 Fed. 404, 90 C. C. A. 392, 21 L. R. A. (N. S.) 103. The fire was the same, following the same earthquake, and the language of the excepting clause was substantially identical. That court held that, construing such provision most strongly against the insurer in accordance with the settled rule, and giving the words their common ordinary meaning, the word "occasioned" was equivalent to "caused," and the phrase "by or through" was but a repetition of words meaning the same thing, and that since the words "directiy or indirectly" appeared in the first clause of the exception from loss by invasion, insurrection, etc., but did not appear in the second clause of

said exception, it followed that the exception covered only loss or damage caused directly by earthquake. A rehearing was asked for and denied by the Court of Appeals for that circuit, and an application to the Supreme Court for a certiorari to review its decision was denied (212 U. S. 581, 29 Sup. Ct. 690, 53 L. Ed. 660).

[2] In Mast, Foos & Company v. Stover Mfg. Company, 177 U. S. 485. 20 Sup. Ct. 708, 44 L. Ed. 856, the Supreme Court discussed the extent to which comity should control the disposition by one federal court of a legal question already disposed of by another federal court. The court says:

"Comity is not a rule of law, but one of practice, convenience, and expediency. It is something more than mere courtesy, which implies only deference to the opinion of others, since it has substantial value in securing uniformity of decision and discouraging repeated litigation of the same question. But its obligation is not imperative. * * * It recognizes the fact that the primary duty of every court is to dispose of cases according to the law and the facts; in a word to decide them right. In doing so, the judge is bound to determine them according to his own convictions. If he be clear in those convictions, he should follow them. It is only in cases where, in his own mind, there may be a doubt as to the soundness of his views that comity comes into play, and suggests a uniformity of ruling, to avoid confusion, until a higher court has settled the law."

Following the rule above indicated, we are satisfied that the case at bar should be disposed of by an affirmance, since we are very far from being clear in our convictions that the Court of Appeals in the Ninth Circuit erred in its construction of the contract.

Judgment affirmed.