## BALL v. CHAPMAN.

(Circuit Court of Appeals, Seventh Circuit. Septetmber 19, 1924.)

No. 3375.

1. Courts ⬅96(1)—Decision of Circuit Court of Appeals of another circuit should be followed, where issues are the same.

The decision of a Circuit Court of Appeals in a suit against joint tort-feasors should generally be followed under the rule of comity in a suit by the same plaintiff in another jurisdiction against a defendant not served in the first suit, where the legal question is the same and arises out of the same facts and transactions.

2. Corporations ⬅30(2)—Corporation or receiver held not entitled to recover promotion profits.

If the promoters themselves take the entire share capital of the corporation and then sell the shares to outside parties, there is no fraud upon the corporation which will support a suit by it or its receiver, whatever profit the promoters may derive from the transaction.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Wilbur L. Ball, receiver of the Haytian American Corporation, against Paul W. Chapman. Decree for defendant, and complainant appeals. Affirmed.

Louis B. Wehle, of New York City, and Harold F. White, of Chicago, Ill., for appellant.

Charles Le Roy Brown, of Chicago, Ill., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and FITZHENRY, District Judge.

EVAN A. EVANS, Circuit Judge. Plaintiff, as receiver of the Haytian American

Corporation, brought this suit against appellee, Chapman, to recover an alleged secret and illegal promotion profit of $1,100,000, which was obtained in the organization and disposition of the stock of the insolvent company. A similar suit was brought in the United States District Court for the Southern District of New York, against his associates and Chapman, and resulted in a decree for the defendants who were before that court, which was affirmed upon appeal. 294 F. 227. Chapman was not served with process in the New York suit.

The statement of the issues of fact and law therein set forth is full and complete and makes it unnecessary to restate them. The issues in the instant suit are identical with those involved in the suit in the Second circuit, herein called the New York suit, with two exceptions. In the New York suit, plaintiff sought to amend his complaint and was refused permission so to do. In the present suit the allegations which were sought to be introduced by amendment in the New York suit were made a part of the complaint as originally filed, and to that extent the pleadings are different. The other new issue is one raised by appellee, who denies the authority of plaintiff in this so-called ancillary receivership proceeding to maintain this suit.

Respecting the alleged difference in the plaintiff's cause of action, due to the presence in the complaint before us of allegations which were absent in the New York suit (because of the refusal of the court to allow the amendment), the Circuit Court of Appeals of the Second Circuit said:

"Plaintiff served a notice of motion dated November 10, 1922, for leave to amend the complaint. In support of this motion the solicitor for plaintiff filed an affidavit stating that the facts set forth in the proposed amendments were not fully known to counsel at the time of filing the bill. * * * The reasons given for delay were not satisfactory to the District Court; the trial judge observing: 'It is summarily stated that counsel has only recently become aware of the matters now alleged. This is far from being enough, where amendment is sought after decision going to the root of the suit.' Nevertheless, in a memorandum dated November 23, 1922, the court pointed out that the proposed amendments added nothing to the legal value of the complaint and denied the motion for leave to amend. * * * We shall not consider the proposed amendments and shall look only to the bill of complaint, *but to avoid misunderstanding, we*

*may observe in passing that we agree with the District Court that the proposed amendments would not have made any difference."*

The lower court dismissed the bill of complaint, and entered a decree for defendant. The dismissal in the New York suit was likewise on the pleadings.

[1] We are asked to first determine what weight should be given the decision of a court of co-ordinate jurisdiction, where the legal question is not only similar, but arises out of the same facts, the same transactions, and wherein the plaintiff in each suit is the same, and the parties defendant, in the suit that is ended, were some of the alleged tortfeasors who, with the defendant in the present suit, practiced the alleged fraud. While fully recognizing that such prior decision of the co-ordinate court is not conclusive upon us, it is manifestly entitled to great weight; and this is so, not only because of the respect we entertain for the opinions of these courts, but because such a policy tends to secure uniformity of ruling, and at the same time terminates litigation which otherwise might be well-nigh endless.

Concededly, appellee's liability, if any existed, was not different from the liability of the defendants in the New York suit. Those defendants there have by that litigation been finally relieved of all liability. Notwithstanding his associates have escaped liability, appellee may still be held (Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U. S. 111, 32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875), for if liability exists at all it is a joint and several one. But such incongruities should, if possible, be avoided, and the way of escape is to apply this rule of comity where, as here, no insuperable obstacle appears. A few cases are herewith collected that set forth the rule and define its limitations. Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 S. Ct. 708, 44 L. Ed. 856; New Amsterdam Casualty Co. v. Iowa State Bank (C. C. A.) 277 F. 716; Norwich Union Fire Ins. Society v. Stanton, 191 F. 813, 112 C. C. A. 327; Gill v. Austin, 157 F. 234, 84 C. C. A. 677; United States v. F. A. Marsily Co., 165 F. 186, 91 C. C. A. 220; Beach v. Hobbs (C. C.) 82 F. 916.

[2] We might end this opinion here, but we will not resist the impulse to "get to the merits," and consider whether the disposition of the New York case is in accordance with the rulings of the Supreme Court. Appellee relies squarely upon Old Dominion Copper Mining & Smelting Co. v. Lewisohn, 210 U. S. 206, 28 S. Ct. 634, 52 L. Ed. 1025;

while appellant cites, among others, Pittsburg Mining Co. v. Spooner, 74 Wis. 307, 42 N. W. 259, 17 Am. St. Rep. 149; Arnold v. Scaring, 73 N. J. Eq. 262, 67 A. 831; Commonwealth S. S. Co. v. American Shipbuilding Co. (D. C.) 197 F. 797; Id. (C. C. A.) 215 F. 296; Tilden et al. v. Barber et al. (D. C.) 268 F. 587. He further contends that the opinion in Old Dominion Copper & Smelting Co. v. Lewisohn, supra, must be read in the light of and be modified by Davis v. Las Ovas Co., 227 U. S. 80, 33 S. Ct. 197, 57 L. Ed. 426.

From an examination of the authorities, it is apparent that whatever may be the rule in certain states, the law as announced in Old Dominion Copper & Smelting Co. v. Lewisohn, supra, and Davis v. Las Ovas, supra, governs the disposition of this case. Likewise, we are satisfied that the decision in the Old Dominion Copper Company Case was neither modified nor overruled by Davis v. Las Ovas Company. In other words, plaintiff's cause of action, if any exists, turns upon the facts set forth in the complaint, supplemented by the exhibits attached thereto, and made a part thereof. If there were in existence stockholders or syndicate members, other than the parties to the so-called secret agreement, on February 1, 1917, the case would fall within the facts of the Davis Case; otherwise, it is governed by the Old Dominion Copper & Smelting Company opinion.

We are satisfied of the correctness and applicability here of the statement in the opinion of the court of appeals in the New York case, viz.: "The so-called secret profit was, as alleged in the bill, a matter of contract between these three, the two bankers and Tippenhauer, and the net result of the allegations of fact in the bill is that these same three parties, at the time of the transaction and at the time of its consummation by the purchase of the properties by the corporation, owned all of the stock of the corporation."

The decree is affirmed.