## TOPAS et al. v. NATIONAL SHAWMUT BANK.

### No. 2916.

District Court, D. Massachusetts.

Dec. 2, 1931.

Stuart Craig Rand and Choate, Hall & Stewart, all of Boston, Mass., for plaintiff.

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., for defendant.

LOWELL, District Judge.

On August 5, 1917, John MacGregor Grant, Inc., of New York, borrowed $200,000 from the defendant. The loan was reduced by payments from time to time until on February 8, 1922, a check for $22,401.13 was received from Grant, which repaid the loan in full; the bank at that time delivered to Grant the collateral which it had held.

Grant, Inc., did a business as factor in New York selling wool and other commodities for principals in various parts of the world. John Bolinger was a director of Grant, Inc., and had been such since 1916. He had been connected with the Guaranty Trust Company of New York. On August 1, 1917, he came to Boston and was put in charge of the new foreign department in the defendant bank. A few days after that he arranged for the loan to Grant. Grant also borrowed money of the bank on bills of lading, and all of this business was done under the supervision of Bolinger. Bolinger remained a director of Grant until shortly after the payment to the bank, when he resigned.

Grant's business was very largely Russian, and with the change in the government of that country a very large amount of money owing to Grant was affected. It could not recover this money, and was thereafter utterly insolvent. It had made no payment on the loan since May, 1920, and in the spring of 1921 an amount of $440.39 due for renewal of the note had been unpaid for more than thirty days; it was collected only after repeated demands.

Grant had on consignment some wool belonging to the plaintiff Topas, which for some time it had been unable to sell, but finally did so. The transaction between Topas and Grant was done through the medium of the Russio-Asiatic Bank, also a plaintiff in this case. When Grant, Inc., sold the wool, it deducted its proper commission, but claimed the right to set off a large part of the balance of the sale of wool against a debt which the Russio-Asiatic Bank owed it. The same parties who are plaintiffs in this case sued Grant, Inc., in New York, and the Court of Appeals of the Second Circuit held that the money received by Grant from the sale of wool in excess of its proper commission was a trust fund belonging to Topas. Topas et al. v. John MacGregor Grant, Inc., 18 F.(2d) 724, 52 A. L. R. 807. The final payment to the defendant bank was part of the money received from the sale of Topas wool.

■■ The plaintiff sues to recover this payment as being a trust fund. This court will follow the decision in the New York case to the effect that the money involved must be treated as part of a trust fund. Ball v. Chapman (C. C. A.) 1 F.(2d) 895, and cases cited. The outcome of the present litigation will depend on what the bank knew or should have known as to the source of the payment made to it in final discharge of its loan. Union Stock-Yards National Bank v. Gillespie, 137 U. S. 411, 11 S. Ct. 118, 34 L. Ed. 724. Bolinger was a vice president of the defendant bank and was also a director of Grant, Inc. He testified and I find as a fact that he did not know that the money received by the defendant bank was a part of the proceeds of the sale of the plaintiff's wool; but he did know that Grant, Inc., was insolvent, that no payment had been made for two years on the loan, and that the year before it was very difficult for the bank to collect the small sum of $440.39.

The situation of the bank is like that of a preferred creditor in bankruptcy. As an officer of the defendant bank with the knowledge of Grant's affairs which he possessed, it was Bolinger's duty under these circumstances to make further inquiries. Essex National Bank v. Hurley (C. C. A.) 16 F. (2d) 427. If he had done so, he would have discovered the facts. I therefore rule that the defendant cannot retain the money paid to it.

Let a decree be entered for the plaintiff in the sum of $22,401.13, with interest from February 8, 1922.